THE BROOKVILLE AND CONNERSVILLE TURNPIKE COMPANY *v.* PUMPHREY.

PRACTICE.—*Assignment of Error.*—The assignment of the overruling of a motion for a new trial as error brings before the Supreme Court all causes properly alleged in such motion, and the assignment in the Supreme Court of such causes as error is of no avail.

NEGLIGENCE.—*Turnpike Company.*—*Injuries Resulting from Fright of Horse Caused by Obstruction.*—Where a turnpike company, whose road was used as a public highway for travel, on which the company collected toll, permitted said road to get out of repair, so that there was a large hole, three or four feet deep, near the centre of the road, which the company neglected to repair, and negligently permitted to remain out of repair for a long time, although it had notice, through its officers, of its condition; and, while a woman was riding on horseback along said road, without knowledge of said hole, her horse took fright at said hole, and jumped to one side, and threw her to the ground, and thereby injured her, without negligence on her part;

*Held*, that the person so injured might recover therefor from said company; and that it was not necessary that her complaint, alleging these facts, should also aver, that her horse came in contact with said hole, or that there was not room for a horse or vehicle to pass in safety on either side thereof.

*Held*, also, that such a hole, so situated in a highway, would necessarily be an obstruction to travel, and it was not necessary to expressly allege in such complaint, that said hole obstructed travel.

PRACTICE.—*Pleading.*—*Indefiniteness.*—Where a cause of action is stated in a complaint, an objection thereto, on the ground of want of clearness, fulness and explicitness, can not be taken by demurrer, but must be taken by motion to require the plaintiff to make the complaint more specific.

NEGLIGENCE.—*Turnpike Company.*—If the officers of a turnpike company have actual knowledge that their road is out of repair, and suffer it to remain so, or if they suffer it to get out of repair and remain so for an unreasonable period of time, though they be ignorant of its condition, the company will be liable for an injury to a person resulting from such want of repair without his contributing fault.

SAME.—*Fright of Animal Caused by Obstruction.*—In this State, if a horse used by a traveller upon a turnpike take fright at anything which, through the negligence of the turnpike company, is an obstruction to travel on such road, and such traveller, being without fault, is thereby injured, he may recover therefor of said company.

From the Fayette Circuit Court.

*B. F. Claypool, L. W. Florea* and *G. C. Florea,* for appellant.

*W. Morrow* and *N. Trusler,* for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover damages for injuries sustained by appellee, from the alleged negligence of appellant.

In her complaint the appellee alleged, in substance, that the appellant was a corporation, organized under "An act authorizing the construction of plank, macadamized, and gravel roads," approved May 12th, 1852, and the amendments thereto, and as such was the owner of a gravel road leading from Brookville, in Franklin county, to Connersville, in Fayette county, Indiana, which was used and travelled as a public highway, and on which the appellant collected toll for such travel; that, on or about the 5th day of December, 1873, the appellant permitted said road to get out of repair, by the washing of a culvert running across and under said road, in such manner as to leave a large hole, three or four feet deep, near the centre of said road, which the appellant neglected to repair, but negligently permitted and suffered the same to so remain out of repair for a long time, although the appellant, through its officers, had notice at the time of the condition of said culvert; that, on or about said 5th day of December, 1873, the appellee was riding on horseback on and along said road, and without any knowledge on her part that said hole was in said road, when her horse approached said hole, "he took fright at said hole," and jumped to one side, and threw her from the saddle to the ground so violently that she was badly bruised in her person and one of her hips dislocated; that said injuries were not the result of any negligence or carelessness on appellee's part, but wholly of the appellant's carelessness and negligence; that the appellee suffered great mental and bodily pain from her said injuries, and, in consequence thereof, was confined to her bed for a long time,

to wit, six months, and was compelled to and did pay, to wit, five hundred dollars for surgical, medical and other attendance, and was, in consequence of said injuries, crippled and permanently lamed. Wherefore the appellee said that she was damaged in the sum of ten thousand dollars, for which she demanded judgment, and for all other proper relief.

To this complaint the appellant demurred, for the alleged want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and to this decision appellant excepted. The appellant then answered, in three paragraphs, the appellee's complaint, as follows :

1. A general denial ;

2. The appellant alleged, in substance, that the horse that appellee was riding at the time the injuries were received, in the complaint mentioned, was a wild, unbroken and unsafe horse for a lady to ride, and that the injuries, if any, were occasioned by reason of such wild, unbroken and unsafe horse, and that, by reason thereof, the appellee, of her own recklessness, contributed to the injuries complained of; wherefore the appellant prayed judgment; and,

3. The appellant said, in substance, that, as soon as the appellant's officers were informed of the condition of said road at the place where appellee's injuries were alleged to have occurred, the appellant, on the same day, had the said break or breaks in said road fully repaired, and made safe for the travel on said road; wherefore the appellant prayed judgment.

The appellee demurred separately to the second and third paragraphs of appellant's answer, for the alleged insufficiency of the facts therein to constitute a defence to this action, which demurrers were overruled as to the second paragraph, and sustained as to the third paragraph, of said answer, and to the latter decision the appellant excepted.

The appellee replied by a general denial to the second paragraph of appellant's answer, and the action, being at issue, was tried by a jury in the court below, and a verdict was returned for the appellee, assessing her damages in the sum of two thousand dollars. The appellant, on written causes, moved the court below for a new trial, which motion was overruled, and to this decision the appellant excepted. The appellant also moved the court, in writing, in arrest of judgment, and this motion having been overruled, and an exception saved to this decision, judgment was rendered by the court below on the verdict.

In this court, the following alleged errors of the court below have been assigned by the appellant, to wit:

1. In overruling its demurrer to appellee's complaint;

2. In sustaining the appellee's demurrer to the second paragraph of the appellant's answer;

3. In overruling appellant's motion for a new trial; and,

4. In overruling its motion in arrest of judgment.

The appellant has also assigned several causes for a new trial, as alleged errors; but these are improperly assigned in this court as independent errors, and, when thus assigned, they present no questions for our consideration. The simple assignment as error of the overruling of the motion for a new trial brings before this court all causes for a new trial properly assigned in said motion, and the repetition of those causes as separate and independent errors, in this court, is not available to the appellant for any purpose.

The first and fourth of the errors assigned may properly be considered together, as each of them calls in question the sufficiency of appellee's complaint. Appellant's first objection to appellee's complaint is, that it does not aver that the appellant was negligent, in suffering its road to get and remain out of repair In our opinion, this objection is not well taken. It is averred in the complaint,

that the appellant neglected to repair its road, and negligently permitted and suffered the same to so remain out of repair for a long time, although the appellant had notice at the time of the condition of said culvert. Certainly this was sufficient, either on demurrer to the complaint, or motion in arrest of judgment. If the appellant wished to have the averments of the complaint more definite and certain in regard to the charge of negligence, it should have moved the court below for an order requiring the appellee to make her complaint more specific in this particular. *The Cincinnati, etc., Railroad Company* v. *Chester*, 57 Ind. 297.

The appellant's second objection to the complaint presents a more difficult question. It is thus stated by appellant's learned attorneys : " It is not averred nor claimed, that the horse came in contact with said hole, or that it was such a defect as obstructed travel, or that there was not room for a horse or vehicle to pass in safety on either side of said hole."

The averments of the complaint in these particulars are not so full, clear and explicit as, perhaps, they ought to have been, under the rules of good pleading. But the remedy for such defects in pleading, where they exist, is not to be found, as a general rule, in a demurrer for the want of sufficient facts. If, for any reason, the appellant desired a more detailed and explicit statement of the facts constituting the appellee's alleged cause of action, as we have already said, the appellant should have moved the court below to require the appellee to make her complaint more specific. It seems to us, however, that the facts alleged in appellee's complaint, though not stated with much particularity, were sufficient on demurrer to constitute a cause of action in her favor, and against the appellant. It can not be doubted, we think, that it was the appellant's duty to keep in good repair the road, of which it was the owner, and the use of which by the public was to it a subject of gain. If there was, as

the appellee alleged, "a large hole, three or four feet deep, near the centre" of appellant's road, it was clearly the appellant's duty to fill up such hole and repair its road, without unnecessary delay. Such a hole, so situated, would necessarily be an obstruction in the way of travel; and therefore it was not necessary that the appellee should aver that such hole obstructed travel. Nor was it necessary, in our opinion, that the appellee should aver that there was no room for her horse to pass in safety on either side of said hole. In the case made by appellee's complaint, the appellant could not escape liability by proof of the fact, if such was the fact, that there was ample room on either side of said hole, for the appellee and her horse to pass in safety.

If the appellee's horse, under the circumstances stated in the complaint, by getting into, or in attempting to get over, this hole in the road, had thrown the appellee to the ground and injured her, there could not be any doubt as to the appellant's liability in damages to the appellee for the injuries she sustained. But in this case it would seem that the appellee's injuries resulted from the fright of her horse at the hole in the road. If the appellee's horse had taken fright at anything necessarily or properly, or even accidentally, in the appellant's road, and had thrown and injured the appellee, the appellant could not be held liable in damages for her injuries. But in this case the appellee alleged, that her horse "took fright at said hole;" which hole, as we have seen, was an obstruction in the way of travel, and which, as the appellee alleged, the appellant had negligently suffered to remain in its road for a long time, although, through its officers, it had notice thereof. The case made by the appellee's complaint is a new one in this State. But in such a case, where the road complained of is the property of a private corporation, and its use by the public is a source of profit to its corporate owner, it seems to us that it is neither

unjust nor unreasonable to hold such owner to a strict compliance with its plain legal duty to keep its road in good repair. We hold that the averments of the appellee's complaint in this case show with reasonable certainty, that the injuries of which she complained were occasioned by the appellant's neglect and failure to keep its road in good repair, and, therefore, that no error was committed by the court below, in overruling appellant's demurrer to said complaint or its motion in arrest of judgment.

The second alleged error of the court below, complained of by the appellant, was the sustaining of appellee's demurrer to the third paragraph of appellant's answer. It is very clear that the court below did not err in this decision, or, if it did, that the error was a harmless one, as every fact alleged in said third paragraph was admissible in evidence under the general denial in the first paragraph of answer. *Cool* v. *Cool*, 54 Ind. 225; and *Baker* v. *The Arctic Ditchers*, 54 Ind. 310.

The only remaining error properly assigned by the appellant in this court is the decision of the court below in overruling its motion for a new trial. In this motion the appellant assigned the following alleged causes for a new trial, to wit:

"1. Because the verdict of the jury is contrary to the law;

"2. Because the verdict of the jury is contrary to the evidence;

"3. Because the damages assessed by the jury are excessive;

"4. Because the court erred, in permitting plaintiff, over defendant's objections, to ask Dr. V. H. Gregg the following questions, viz.: 'State what you did, when called on to visit the plaintiff? also the condition you found her in?" for the reason that the same was illegal, irrelevant, and incompetent;

"5. Because the court erred, in allowing plaintiff to

ask Dr. V. H. Gregg, on his original examination, the following questions, over defendant's objection: 'State what you did, when called on to visit the plaintiff? also the condition you found her in?'" for the reason that the same was illegal, irrelevant and incompetent;

"6. Because the court erred, in allowing plaintiff to ask Dr. V. H. Gregg, on his original examination, the following question, over defendant's objection: 'From the character and extent of the injury, state what is your opinion as to the probability of her entirely recovering from the effects of her injury?' for the reason that the same is illegal, irrelevant, immaterial, and asks for the opinion of the witness;

"7. Because the court erred, in allowing plaintiff to ask Dr. V. H. Gregg, over defendant's objection at the time, the following question: 'What will probably be the result, with reference to her powers of locomotion?' because the same is illegal, irrelevant and incompetent;

"8. Because the court erred, in giving to the jury, on its own motion, charges No. 2, 3, 4, 5, 6, 7 and 8, which were at the proper time objected and excepted to by the defendant."

In our examination of the questions presented by these alleged causes for a new trial, we will consider and decide such only of those questions as the appellant's learned attorneys have discussed in their able and exhaustive argument of this case, in this court. It is insisted by appellant's counsel, that the court below erred in its second instruction to the jury trying the cause. This instruction was as follows:

"If the jury find from the evidence, that the plaintiff was riding on horseback, upon and along the defendant's road (a turnpike), and within the limits of said road a hole had been made by a part of the culvert falling in, and the company had suffered the same to remain for an

unreasonable time, and the horse upon which the plaintiff was riding took fright at said hole, or, coming upon it suddenly, jumped over it, by which the plaintiff was thrown from the horse to the ground, and thereby sustained the injuries which she charges in the complaint, and she in no wise contributed to the same by her own misconduct, negligence or carelessness, she would be entitled to recover in this action, and you should so find."

In connection with this instruction, appellant's attorneys discuss also the first and second causes for a new trial, that the verdict of the jury was contrary to law, and not sustained by sufficient evidence. In their discussion of these causes for a new trial, and the above recited instruction of the court below, the learned counsel ground their entire argument on certain decisions of the Supreme Court of Massachusetts. The statutes of that State make it the duty of the towns therein to keep their highways in repair, and, under those statutes, the Supreme Court of that State has repeatedly held, "that an object within the limits of a highway which may frighten horses, and is likely to do so, but is not otherwise an obstruction to travel, is not a defect in the way, within the meaning of" those statutes, and that, where injuries were caused by the fright of a horse at such an object, without actual contact or collision therewith, the town would not be held liable for such injuries. *Keith* v. *Inhabitants of Easton*, 2 Allen, 552; *Kingsbury* v. *Inhabitants of Dedham*, 13 Allen, 186; and *Cook* v. *City of Charlestown*, 98 Mass. 80. The decisions of the Supreme Court of Massachusetts on a question of general law would be entitled to very high respect; but the decisions cited by appellant's counsel in this case are based entirely upon statutes of that State, which are utterly unlike any of our statutes. For this reason the cases cited by counsel would afford but little aid in the proper decision of this cause. Independently of this reason, the relations and duties of a municipal corporation to the public highways within its limits are so utterly dissimilar

to the relations and duties of a private corporation to and in connection with the road it owns, and for the use of which road by the public it is clothed by law with a franchise to demand and receive toll, that decisions affecting the former would afford very unreliable analogies, even in a suit against the latter corporation.

In this State, it is the unquestioned and unquestionable duty of a turnpike company to keep its road in good repair, and such a corporation shall not suffer its road "to get and remain out of repair for a longer period of time than would be required to make the necessary repairs with a reasonable force, the season of the year and other equitable circumstances considered." We have already said, that, in our opinion, the appellee's complaint stated a good cause of action against the appellant; the evidence on the trial tended to support the material averments of the complaint. We think, therefore, that the second instruction of the court below contained a fair and unexceptionable statement of the law applicable to the case, that the verdict was not contrary to law, and that it was sustained by sufficient evidence. 1 R. S. 1876, p. 671, sec. 1.

Appellant's counsel also complain, in argument, of the fourth instruction of the court below to the jury trying the cause. This instruction is as follows:

"The complaint charges, that the officers of the company had knowledge of this defect (of the existence of this hole), and suffered the same to be and remain there. If the evidence shows this to be true, then there can be no question as to the company's liability for injuries sustained by reason of it; they are also liable if they did not have actual knowledge of its existence, if it had remained there for an unreasonable time, for the law enjoins upon them the duty to examine their road and see to it that the same is kept in such repair as to be safe to the travelling public. They are held to more than ordinary care and diligence, and if they suffer the road to get out of

repair, and remain so for an unreasonable period of time, the mere fact that the officers did not know it will not excuse them; they are bound to extraordinary diligence to know it."

It seems to us that this instruction does not contain an unfair or erroneous statement of the law, applicable to this case, when it is considered, as it must be, in connection with the other instructions to the jury. The court below had previously instructed the jury, in very plain and pointed language, to the effect, that the appellee could not recover in this action, if she had in any wise contributed to her injuries by her misconduct, negligence or carelessness. Having stated once this principle of our law clearly and explicitly to the jury, we do not think that it was incumbent on the court to repeat this principle in each succeeding instruction. Besides, if the appellant's counsel desired the court to give the jury any further or fuller instructions in regard to this rule of law, they should have asked the court to give such instructions. In this fourth instruction, in defining the diligence which the law exacts from a turnpike company to keep its road in good repair, the court used some adjectives or qualifying words, which were unnecessary and inexpressive of the evident meaning of the court. The exact meaning of the court, in the use of those words, is made so clear and definite by their context, that we think the jury could not have been misled by them. The gist of the instruction is, that if the appellant's officers had actual knowledge of the fact that their road was out of repair, and suffered it to remain so, the appellant would be liable for injuries resulting from such bad repair; and if they suffered their road to get out of repair and remain so for an unreasonable period of time, then the ignorance of the officers of the condition of the road would not excuse them, as they were bound to know its condition, and to keep it in such repair as to be safe to the travelling public. This

is the substance of this instruction, and, in our opinion, it is the law.

The appellant's counsel also insist very earnestly in argument, that the damages assessed by the jury were excessive. We have read the evidence bearing on this question of damages, and we cannot say, from this evidence, that the damages assessed in this case were so manifestly excessive as that the court below erred on that ground, in overruling the appellant's motion for a new trial.

Upon the whole case, our conclusion is, that the court below committed no error in overruling said motion for a new trial.

NOTE.—BIDDLE, C. J., doubted: "I am not satisfied that the injury complained of is the natural consequence of the negligence alleged."

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.