## THE CITY OF CHICAGO

### v.

## CHRISTIANA DALLE.

*Filed at Ottawa November 14, 1885.*

1. EVIDENCE—*relevancy—of the proper test in that regard.* In passing upon the relevancy of the particular testimony offered, it is not required that it shall of itself absolutely prove a case; but the question is, whether it tends to prove the fact or facts for which it is offered. If it does, it is competent for the consideration of the jury.

2. NEGLIGENCE—*injury from defective sidewalk—proof of condition of sidewalk—at what time.* On the trial of an action against a city to recover damages for a personal injury caused by an alleged defective condition of a sidewalk, the issue presented is the condition of the sidewalk at the time of the injury, and the best evidence is proof of its condition immediately preceding the accident. But at the same time, it is competent to prove the condition of the sidewalk a few days before and a few days after the accident, as tending to establish its condition at the time of the accident.

3. SAME—*notice of defective sidewalk, when presumed.* It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons to travel over; and when a sidewalk on a public street gets out of repair so that it is unsafe to travel upon, and so remains a considerable time, notice of the defective condition of the walk will be presumed, and proof of actual notice will not be required. If out of repair and in a dangerous condition for such a length of time that the public authorities of the city, by the exercise of reasonable care, might have learned the fact, no actual notice need be shown, to make the city liable for an injury caused thereby.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. CLARENCE A. KNIGHT, for the appellant:

The question as to the condition of the sidewalk prior to the accident was at issue, and not the question as to what its condition was after the accident. The court permitted, against objection, witnesses to testify that the sidewalk was repaired some three or four days after the accident, and allowed witnesses, on cross-examination, to be asked as to the same fact. The effect of such evidence is to raise a collateral and immaterial issue. *Railway Co.* v. *Clayberg*, 107 Ill. 649.

There must have been notice, actual or constructive, to fix any liability against the city, and in determining notice the jury must allow sufficient time to make repairs after notice. *City of Peru* v. *French*, 55 Ill. 317.

Evidence of collateral facts, or such as are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, is improper, as tending to prejudice the jury and mislead them, and because the opposite party, having no notice of such a course of evidence, is not prepared to rebut it. 1 Greenleaf on Evidence, secs. 52, 448; *Standish* v. *Washburn*, 21 Pick. 227; *Aldrich* v. *Pelham*, 1 Gray, 510; Abbott on Trial Evidence, 584.

The first of appellee's instructions was bad, for the reason it entirely ignored the question of notice to the city of the defect in the walk. *City of Gilman* v. *Haley*, 7 Bradw. 349; *Joliet* v. *Walker*, 7 id. 276.

A city is liable for injuries caused by defective sidewalks when it knows, or can by an ordinary degree of care know, that they are out of repair and in a dangerous condition, and when sufficient time elapses after notice to make the necessary repairs before the injury is received. *Bloomington* v. *Bey*, 42 Ill. 503; *Joliet* v. *Verley*, 35 id. 58; *Chicago* v. *Langlass*, 66 id. 361; *Chicago* v. *McCarthy*, 75 id. 603.

Messrs. GARY, CODY & GARY, for the appellee:

The liability of the city is to be tested by the condition of the sidewalk at the time of the accident; but as evidence tending to show its condition at that time, it was proper to show its condition shortly before and shortly after that time. It is not necessary that the evidence bear directly upon the issue. It is admissible if it tends to prove the issue. 1 Greenleaf on Evidence, secs. 51-53; *Hough* v. *Cook*, 69 Ill. 581; *O. G. L. & C. Co.* v. *Graham*, 35 id. 346; *Eureka Coal Co.* v. *Braidwood*, 72 id. 627.

If the sidewalk was out of repair for a long time before the accident occurred, that constituted notice. *Springfield* v. *Doyle*, 76 Ill. 203; *Chicago* v. *McCarthy*, 75 id. 602.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought against the city of Chicago by Christiana Dalle, to recover damages for a personal injury on the 4th day of September, 1883, resulting from a fall on a sidewalk, at the corner of Centre and Howe streets. The plaintiff recovered a judgment for $1200, which was affirmed in the Appellate Court, to reverse which the city appealed.

There is a conflict in the evidence as to the condition of the walk where the accident occurred. Quite a number of reliable witnesses, well acquainted with the condition of the walk, testified before the jury that it was in a good and safe condition at the time the plaintiff was injured. But we can not review the questions of fact. The facts were addressed to the consideration of the Appellate Court, and its decision is final. It only remains for us to consider the alleged errors which occurred on the trial of the cause, and if it appears that no substantial error was committed, the judgment will have to be affirmed.

On the trial the court permitted, against the objection of counsel for the defendant, several witnesses to testify that the

sidewalk was repaired three or four days after the accident, and also allowed certain witnesses called for the defendant to be asked, on cross-examination, as to the repairing of the sidewalk after the accident, and this ruling is relied upon as error.   It is plain that the liability of the city is to be determined by the condition of the sidewalk at the time the injury was received.   If the sidewalk was then in a good and safe condition for persons to travel over, the city would not be liable; but if, on the other hand, the sidewalk was then out of repair and dangerous to travel upon, the city might be liable.   But in passing upon the relevancy of the evidence it is not required that it should, of itself, absolutely prove a a case, but the question is, whether it tends to prove the fact or facts for which it is offered.   If it does, then the evidence may be competent for the consideration of the jury,   Here, the question at issue was the condition of the sidewalk when the plaintiff was injured, and the best evidence would be proof of its condition immediately preceding the accident; but at the same time, it was competent to prove the condition of the sidewalk a few days before and a few days after the accident, as tending to establish its condition at the time of the accident.   We think the evidence was properly admitted, the alleged defect in question which caused the injury being a loose plank in the sidewalk.                                    ₒ

It is next urged that the first instruction given for the plaintiff is erroneous, for the reason that under the instruction the jury could find the city guilty without regard to the question of notice of the defective condition of the sidewalk. It is not essential to a recovery, in a case of this character, that the evidence should show actual notice to the city.   It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons to travel over, and when a sidewalk on a public street gets out of repair, so that it is unsafe to travel upon, and so remains for a considerable time, notice of the defective condition of the walk will be presumed.

*City of Springfield* v. *Doyle*, 76 Ill. 202, is a case in point on the question. There was evidence in the case that the defect in the sidewalk which existed at the time the plaintiff was injured, had been in existence for a sufficient time prior to the injury that the city, if it had used ordinary diligence, might have known of the defect. Under such circumstances actual notice was not required, and the instruction was not calculated to mislead the jury. But if the instruction complained of was defective, it is apparent that the jury was not misled, as the second of plaintiff's instructions in express terms directs the jury, that to enable plaintiff to recover they must find that the sidewalk had been out of repair and in a dangerous condition for such a length of time that the public authorities of the city, in the exercise of reasonable care, ought to have discovered the fact.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*