## CHAPPELL v. BRADSHAW

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 1037.  Submitted October 22, 1888. — Decided October 29, 1888.

To give this court jurisdiction to review the judgment of a state court under § 709, Rev. Stat. because of the denial by the state court of any title, right, privilege or immunity, claimed under the Constitution or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was " specially set up or claim "  at the proper time, in the proper way.

An action of trespass on the case for damages by fire to the plaintiff's vessel in a port of the United States, alleged to have resulted from the negligence of the defendant's servants in cutting a burning scow or lighter loose from a wharf, and allowing it to drift against the vessel, is " a common law remedy " which the common law " is competent to give," and which is saved to suitors by the provisions of § 563, Rev. Stat. conferring admiralty and maritime jurisdiction upon District Courts of the United States.

MOTION TO DISMISS OR AFFIRM. The case is stated in the opinion of the court.

*Mr. William A. Hammond* and *Mr. B. Howard Haman* for the motion.

*Mr. William A. Fisher* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Bradshaw recovered judgment December 6th, 1887, against Chappell in the Circuit Court for Howard County, Maryland, in an action of trespass on the case, after a trial by jury upon a plea of not guilty, for damages by fire to his (Bradshaw's) schooner, alleged to have resulted from the negligence of Chappell's servants in cutting a burning scow or lighter loose from Chappell's wharf and allowing it to drift against Bradshaw's vessel. From this judgment Chappell prosecuted an appeal to the Court of Appeals of Maryland, by which tribunal the judgment was affirmed on the 14th day of March, 1888.

On the 27th of March Chappell moved for a rehearing upon the ground, which had not been up to that time presented in any form, that the Circuit Court for Howard County should have limited the measure of damages to the value of the scow which occasioned the injury complained of, under the provisions of § 18, c. 121 of the act of Congress of June 26, 1884. 23 Stat. 57. The Court of Appeals overruled the motion, because, as the court states, "this act of Congress was not before the Circuit Court when the case was tried, nor before this court on appeal, and that no reference to it or construction of it was made in either court."

After an unsuccessful application therefor to the Chief Judge of the Court of Appeals a writ of error was finally allowed by one of the justices of this court, and now comes before us upon a motion to dismiss.

To give this court jurisdiction to review the judgment of a state court under § 709 of the Revised Statutes, because of the denial by a state court of any title, right, privilege, or

immunity  claimed  under  the  Constitution  or  any  treaty  or
statute  of  the  United  States,  it  must  appear  on  the  record
that  such  title,  right,  privilege,  or  immunity  was  "specially
set  up  or  claimed"  at  the  proper  time  in  the  proper  way.
" To be reviewable here," says Waite, C. J., in *Spies* v. *Illinois,*
123  U. S. 131,  181,  "the  decision  must  be  against  the  right  *so
set up or claimed.*   As  the  Supreme  Court  of  the  State  was
reviewing  the  decision  of  the  trial  court,  it  must  appear that
the  claim  was  made in that  court,  because  the  Supreme  Court
was  only  authorized  to  review  the  judgment  for  errors  com-
mitted  there,  and  we  can  do  no  more."    Tested  by  this  well
settled  rule  it  is  apparent  that  this  writ  of  error  cannot  be
maintained,  as  it  is  conceded  that  the  plaintiff  in  error  did  not
set  up  or  claim  in  the  trial  court  the  limitation,  the  benefit  of
which  he  now  insists  should  have  been  accorded  him.

As  to  the  contention  of  plaintiff  in  error,  also  not  brought
forward  below  but  suggested  for  the  first  time  when  applica-
tion  was  made  to  the  Chief  Judge  of  the  Court  of  Appeals  to
allow  the  writ  of  error,  that  the  state  court  had  no  jurisdic-
tion  because  the  jurisdiction  of  the  courts  of  the  United  States
is  exclusive  in  all  cases  of  admiralty  and  maritime  jurisdiction,
and  that  this  is  necessarily such  a  case,  it  is  sufficient  to  say  that,
as  the  action  as  brought  and  defended  was  a  common  law
action  without  any  of  the  ingredients  of  an  admiralty  or  mari-
time  cause,  it  was,  as  such,  clearly  within  the  provision  of  the
ninth  section  of  the  Judiciary  Act  of  1789,  as  embodied  in
§ 563 of  the  Revised  Statutes,  "saving  to  suitors in  all  cases
the  right  of  a  common  law  remedy  where  the  common  law
is  competent  to  give  it."

*The motion must be granted and the writ dismissed, and it is
so ordered.*