## THE CITY OF MT. VERNON v. HOEHN, GUARDIAN.

[No. 2,828.   Filed April 28, 1899.]

PLEADING.—*Complaint.—Personal Injury.—Obstruction in Street.—Notice.—Cities.*—A complaint in an action against a city for damages on account of a personal injury sustained by reason of an obstruction in the street charging that the street was "obstructed by a large mowing machine which then and there stood in the street * * of which on that day, and for a long time previous, defendant had knowledge," is a sufficient averment of notice to withstand a demurrer.  *p. 283.*

SAME.—*Uncertainty.*—Mere uncertainty in the statement of the cause of action in a complaint is not ground for demurrer, where the meaning thereof can be ascertained.  *p. 284.*

NEGLIGENCE.—*Proximate Cause.—Cities.—Streets.—Obstructions.*—A team of horses driven by plaintiff became frightened and ran away, and while running collided with an obstruction, which the city permitted to remain in a public street, and injured plaintiff.  *Held,* that the negligent failure of the city to remove the obstruction was the proximate cause of the injury.  *pp. 284-287.*

SAME.—*Contributory Negligence.— Pleading.— Complaint.—Cities.*—A complaint in an action against a city for damages on account of injuries received by plaintiff, a girl sixteen years of age, caused by the running away of a team of horses she was driving, and colliding with an obstruction in the street, is not bad for failing to allege that the team was an ordinarily gentle one, such as could be entrusted to the management of a girl sixteen years of age, where it was alleged that the injured person was without fault, and exercising care and skill.  *p. 287.*

JUDGMENTS.— *Excessive Damages.*—The amount of damages in an action for a personal injury rests largely in the discretion of the jury, and will not be reversed unless the amount is so excessive as to show that the jury abused its discretion.  *p. 287.*

From the Posey Circuit Court.   *Affirmed.*

*F. P. Leonard* and *H. F. Clements*, for appellant.

*D. O. Barker* and *G. V. Menzies*, for appellee.

COMSTOCK, J.—Appellee, as guardian, brought this suit to recover damages for bodily injuries received by his ward, caused by the running away of a team she was driving, and its colliding with an obstruction permitted to remain in a

public street of appellant.   The cause was put at issue by general denial.   A trial by jury resulted in a verdict and a judgment thereon in favor of appellee for $2,000.

Appellant assigns as error the overruling of its demurrer to the complaint and motion for a new trial.   In support of the first alleged error, appellant argues that the complaint is insufficient (1) because the averment of notice on the part of the city of the obstruction is insufficient; (2) the negligence of the city is not shown to have been the proximate cause of appellee's injury; (3) the complaint does not allege that the team driven by appellee was an ordinarily gentle one, such as could ordinarily be entrusted to the management and care of a girl sixteen years of age.

Upon the subject of notice, the complaint contains this averment: "That on said day [the day on which it is alleged the injury was received], and for a long time prior thereto, said Store street, on the east side thereof, and a short distance south of Fourth cross street, in said city, was, and had been, obstructed by a large mowing machine, which then and there stood in said street ten feet out from the curbing or sidewalk on said east side, so as to interfere with the travel and the passing of teams and wagons and the free and unobstructed use of said street as a public highway, of which on that day, and for a long time previous, defendant had knowledge.   *   *   *   That, as said horses arrived near said obstruction, which defendant at that time, and for a long time prior thereto, had negligently permitted to be and remain, as aforesaid, out in said Store street," etc.   These averments sufficiently aver notice to withstand a demurrer. In *Brookville, etc., Co.* v. *Pumphrey*, 59 Ind. 78, allegations that certain defects in streets had been permitted to remain out of repair for "a long time" were held to be sufficient.   See, also, *City of Springfield* v. *Doyle*, 76 Ill. 202; *City of Chicago* v. *Dalle*, 115 Ill. 386, 5 N. E. 578.

In demurring, appellant admits that it knew of and permitted a dangerous obstruction to remain in a much traveled

public street for a long time prior to the accident. Mere uncertainty in the statement of the cause of action, where the meaning cannot be mistaken, is not ground for demurrer. *Koons* v. *Carney*, 87 Ind. 34; *Louisville, etc., R. Co.* v. *Parks*, 97 Ind. 307; *Pittsburgh, etc., R. Co.* v *Kitley*, 118 Ind. 152; *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336, 339; *Sibbitt* v. *Stryker*, 62 Ind. 45. The meaning of this allegation is plain. If appellant desired a more precise statement of the time the obstruction was permitted to remain in the street, it should have moved to require appellee to make the complaint more definite in that particular. *Pittsburgh, etc., R. Co.* v. *Hixon*, 110 Ind. 225, 228; *Board, etc.,* v. *Stock*, 11 Ind. App. 167, 173, upon which appellant strongly relies, are not in conflict with the foregoing decision. The allegations of facts in the complaint in that case and in the complaint before us upon the question of appellant's negligence are clearly dissimilar.

Do the averments sufficiently show that the negligent failure of appellant to remove the obstruction was the proximate cause of appellee's injury? Beach on Cont. Negl. (2nd ed.), section 31, defines proximate cause as follows: "An act is the proximate cause of an event when in the natural order of things and under the circumstances it would necessarily produce that event; when it is the first power producing the result, the *causa causans* of the schoolmen." In 16 Am. & Eng. Ency. of Law, p. 436, it is said: "A proximate cause may be defined as that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred."

Appellee's complaint discloses that at the time of the accident his ward was a girl sixteen years of age, residing some six miles from the city of Mt. Vernon, and that she drove to said city with a team of two horses attached to a spring wagon in which she sat; that while she was driving said team, and turning the same into Store street of appellant, said

team suddenly became frightened, got from under control of said ward, and ran away; that while said team was so running away, and at the time of the happening of the accident, said ward was standing up in the wagon holding the reins; that, as said ward's team arrived near the obstruction in appellant's street, another team of horses was passing on the west side of said street, which caused the team appellee's ward was driving to swerve to the east, and run into the obstruction aforesaid.   Appellant contends that its negligent "failure to remove the obstruction left in its street was not the cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the injuries complained of, and without which that result would not have occurred; that its failure to remove such obstruction "was not the first and direct power producing the result,— the *causa causans.*"

The definitions above set out, which are cited by appellant, correctly state general principles.   The precise question here presented is decided in *Town of Fowler* v. *Linquist,* 138 Ind. 566, 573.   In that case, Howard, J., speaking for the court, said:   "It is claimed that the proximate cause of the accident was not the obstruction in the street, but the frightening of the team by the stray horses, and that for this reason the complaint is bad.   If the town was at fault as to the obstruction, and the obstruction was one cause of the injury, the town cannot escape responsibility because some other cause aided in bringing about the accident.   See *Board, etc.,* v. *Mutchler,* 137 Ind. 140,—where a horse driven in a buggy was frightened and backed off a bridge, but where the board of commissioners was held responsible for the accident for the reason that they had neglected to place guards upon the bridge.   See, also, *City of Crawfordsville* v. *Smith,* 79 Ind. 308."

The case of *Burrel Tp.* v. *Uncapher,* 117 Pa. St. 353, 11 Atl. 619, is in point.   In that case the plaintiffs, who were husband and wife, while driving along the country road,

undertook to pass an engine standing by the roadside, which frightened their horse, and they were thrown over an embankment on the opposite side of the road, which they alleged was left by the town authorities negligently without a protecting rail to prevent mishap. We quote from the opinion as follows: "In our judgment, no question involving the distinction between proximate and remote cause arises in this case. The defendant owed a duty to the plaintiff as one of the public to keep a reasonably safe road at the place where this accident happened. If that was not done, the omission was an act of negligence on the part of the defendant, and if, in consequence of that negligence, an injury was sustained by the plaintiff, the defendant is responsible in damages to the plaintiff. It is no answer to this to say that some one else was also guilty of another act of negligence, in consequence of which the plaintiffs injury was suffered. If both the defendant and other parties were derelict, the plaintiff might proceed against either, though of course only one actual recovery of damages for the same injury could be permitted. Between the two alleged acts of negligence in the present case, there is no relation of proximity or remoteness, in the sense in which the law regards that subject, so as to postpone the liability of one, because of the liability of another, or because of the intervention of an intermediate agency." In the same case it is further said: "The immediately producing cause of the accident in the present case was the unguarded condition of the roadside at the place where the accident occurred.

In Shearman and Redfield Negl. (3rd. ed.), section 10, it is said: "Negligence, may however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence occurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order

City of Mt. Vernon *v*, Hoehn, Gdn.

of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time." See, also, *Brookville, etc., Co.* v. *Pumphrey*, 59 Ind. 78; *Billman* v. *Indianapolis, etc., R. Co.*, 76 Ind. 166; Cooley on Torts, section 76, and note; *Binford* v. *Johnston*, 82 Ind. 426; *Grimes* v. *Louisville, etc., R. Co.*, 3 Ind. App. 573. These authorities are conclusive against this claim of appellant.

As to the claim that the complaint should have shown that the team was an ordinarily gentle one, such as could be ordinarily entrusted to the care of a girl sixteen years of age, we are of the opinion that the averment that the injured party was without fault, and exercising care and skill, sufficiently negatives such an act of imprudence as would characterize an attempt upon the part of a young girl to drive a team of wild or fractious horses on a public street traveled by the general public with teams, and horses and wagons, and other vehicles. Whether this was negligence was properly submitted to the jury. So far as objections have been pointed out, the complaint is sufficient.

The only reason in the motion for a new trial discussed by appellant is that the amount of damages is excessive. As is said in 8 Am. & Eng. Enc. of Law, p 630 (in which the purport of many decisions is stated), "The real question is not whether the amount of the damages awarded by the jury is more or less than is in the opinion of the court proper, but whether it is shown that the jury have abused the discretion vested in them." The amount of damages for personal injuries rests necessarily largely in the discretion of the jury. An appellate court is very reluctant to substitute its judgment for that of the jury and the court below. In this class of cases the rule has been made universal that "a judgment will not be reversed unless the amount is so excessive, or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury." 8 Am. & Eng. Enc. of Law, p. 629; *Duckworth* v. *Lauter*, 19 Ind. App.

535, 544.   After a careful consideration of the evidence, we cannot say that the damages are so large as to induce the belief that the jury acted from any of these improper influences.   We find no error.   Judgment affirmed.