DUFFY ET AL. *v.* GLEASON ET AL.

[No. 3,235.    Filed Nov. 27, 1900.    Rehearing denied Jan. 29, 1901.]

NEGLIGENCE.— *Pleading.*— *Qualifying Words.*— A complaint which alleges that defendants carelessly and negligently did certain acts whereby plaintiff was injured sufficiently charges negligence to withstand a demurrer for want of facts. *p. 181.*

COURTS.—*Jurisdiction.*—*Steamboat Collision.*—The State courts have jurisdiction of a personal action against the owners of a steamboat for injuries sustained by plaintiff in a collision, alleged to be due to defendant's negligence, between such boat and another boat on which plaintiff was riding. *pp. 181, 182.*

NEGLIGENCE. — *Steamboat Collision.* — If the persons operating a steamboat, upon meeting a coal barge, saw, or with reasonable diligence could have seen the barge in time to avoid striking it, they were bound to avoid it, and if there was sufficient room outside to pass, it was their duty to go into that space to pass. *p. 182.*

From the Clark Circuit Court.    *Affirmed.*

*C. L. Jewett* and *H. E. Jewett,* for appellants.
*H. W. Phipps* and *L. A. Douglass,* for appellee.

ROBINSON, J.—Appellee recovered a judgment for damages for personal injuries resulting from a collision between a tugboat and a coal barge on the Ohio river. The errors assigned question the sufficiency of the complaint, the

court's ruling sustaining a demurrer to the second paragraph of answer, and overruling the motion for a new trial.

The only objection made to the sufficiency of the complaint is that it fails sufficiently to aver negligence. The injury arose from a collision between vessels, and it is quite true that the averment simply that there was a collision would not show negligence. But it is averred, after showing what appellee's duties were and that at the time he was in the performance of those duties, that "while at said place and in the proper and careful discharge of his duties, and being without fault or carelessness on his part whatever, defendants carelessly and negligently ran their steamboat 'Aid' at, upon, and against said barge upon which plaintiff was engaged as aforesaid, without any warning or notice of its approach whatever" and that by reason of such negligent acts appellee was thrown to the bottom of the barge and injured. It is thus seen that the complaint characterizes the act from which it is charged the injury resulted as having been carelessly and negligently done, and as such it is good against a demurrer. See *Cincinnati, etc., R. Co.* v. *Chester,* 57 Ind. 297; *Brookville, etc., Co.* v. *Pumphrey,* 59 Ind. 78, 26 Am. Rep. 76; *Louisville, etc., R. Co.* v. *Jones,* 108 Ind. 551; *Cleveland, etc., R. Co.* v. *Wynant,* 100 Ind. 160; *Ohio, etc., R. Co.* v. *Craycraft,* 5 Ind. App. 335.

The demurrer to the second paragraph of answer was properly sustained. Appellee's action was for damages for personal injuries, and the judgment asked was against the individual owners of the vessel. A personal remedy only was sought. The limitation of liability pleaded in the answer applies where a remedy in admiralty is sought, but jurisdiction of state courts in such a case is preserved by the provision of the judiciary act (R. S. U. S. §563) "saving to suitors in all cases the right of a common law remedy, where the common law is competent to give it." See *Chappell* v. *Bradshaw,* 128 U. S. 132, 9 Sup. Ct. 40,

32 L. Ed. 369; *Crawford* v. *Roberts,* 50 Cal. 235; *Home Ins. Co.* v. *Northwestern, etc., Co.,* 32 Iowa 223, 7 Am. Rep. 642; *Rake* v. *Potomac,* 69 Ky. 25; *Brown* v. *Gilmore,* 92 Pa. St. 40; *Chase* v. *American, etc., Co.,* 9 R. I. 419, 11 Am. Rep. 274; *Schoonmaker* v. *Gilmore,* 102 U. S. 118, 26 L. Ed. 95; *Baird* v. *Daly,* 57 N. Y. 236, 15 Am. Rep. 488.

The first ground for a new trial discussed is that the verdict is not sustained by sufficient evidence. We have carefully read the evidence and find it quite conflicting, but there is evidence to sustain the material averments of the complaint. Counsel have pointed out no good reason, and we know of none, why this case should be an exception to the long settled rule that the evidence can not be weighed on appeal.

The only specific objection made to any of the instructions was made to the seventh. But the substance of this instruction was simply an application of the general principle that the duty rests upon every one not to commit an injury to another or another's property if by the exercise of reasonable diligence it can be avoided. If the persons running the boat saw, or with reasonable diligence could have seen, the barge in time to avoid striking it, it was their duty to avoid striking it, and if there was sufficient room outside to pass it was their duty to go out into that space to pass. The instruction could not have misled the jury. There is no error for which the judgment should be reversed. Judgment affirmed.