Richard D. Simons, J.
The defendant claims that he has abandoned his sunken barge in the navigable waters of Oswego harbor and is therefor insulated from liability for its obstruction of plaintiff’s docks by the provisions of the Wreck Act (U. S. Code, tit. 33, § 409). He moves to dismiss the complaint. (CPLR 3211, subd. [a], par. 2.)
The State court has in personam jurisdiction of this cause of action under the “ saving to suitors ” clause. (U. S. Code, tit, 28, § 1333; Madruga v. Superior Ct., 346 U. S. 556; Chappell v. Bradshaw, 128 U. S. 132; R & H Development Co. v. Diesel Tanker, J. A. Martin, Inc., 2 Conn. Cir. Ct. 622.) The rights and duties of the parties in this action are governed by Federal maritime law. (Merriweather v. Boland & Cornelius, 6 N Y 2d 417.)
In Wyandotte Co. v. United States (389 U. S. 191) the Supreme Court held that the Wreck Act, although penal, would support civil actions by private parties seeking damages or injunctive relief when the plaintiff is within the class of persons Congress intended to protect and the harm that has oecurréd is the type the statute intended to forestall. An in personam civil action based on the statute may be maintained against owners of vessels negligently or willfully sunk in navigable waters. (See United, States v. Republic Steel Corp., 362 Ú. S. 482; Matter of Boat Demand, 174 F. Supp. 668.)
Plaintiff’s complaint charging defendant with an unlawful trespass by reason of the sunken barge is sufficient to sustain a cause of action based on section 409 of title 33 of the United States Code, under the broad rule of Foley v. D’Agostino (21 A D 2d 60).
The motion is denied.