# THE CITY OF SPRINGFIELD

*v.*

# THOMAS DOYLE.

1. MUNICIPAL CORPORATION—*liability for injury from defect in sidewalk.* Where the sidewalk of a city is out of repair, and remains so for a considerable time, actual notice to the street supervisor or city authorities will not be necessary, to hold the city liable for a personal injury sustained by a person in consequence of the dangerous condition of the same, while using due care on his part. Notice of the defective state of the walk will be presumed after the lapse of a sufficient time.

2. DECLARATION—*injury from defective sidewalk.* In an action on the case by a party against a city, to recover damages for personal injuries caused by defects in the sidewalks of the city, if the declaration describes the *locus* as a street of the city known as Jefferson street, it will be sufficiently specific on general demurrer.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. E. B. HERNDON, and Mr. JAMES A. KENNEDY, for the appellant.

Messrs. McCLERNAND & KEYES, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, against the city of Springfield, to recover damages for an injury occasioned the plaintiff by reason of a defective sidewalk on Jefferson street, in said city.

There were five counts in the declaration, and a demurrer to each, which was sustained as to the first, second and fourth counts, and the plea of not guilty and one special plea pleaded to the third and fifth counts.

There was a demurrer to the special plea, which was sustained, and an issue to the jury on the first plea. There was a verdict of guilty and the damages assessed at two hundred and fifty dollars. A motion for a new trial was denied, and judgment rendered on the verdict.

The city appeals, and makes the point that, by the 10th section of their charter, the city is not liable for any damage or injury arising from the bad condition of its streets, alleys or highways by reason of the neglect of the proper officers of the city to repair the same, until the supervisor of the city shall have been notified thereof, and fails to repair them in a reasonable time after such notice.

It is alleged in the third count of the declaration that the city had notice of the bad condition of this sidewalk, and in the fifth count, that the supervisor of the city had knowledge of its bad condition previous to the injury complained of. The section is silent as to the kind of notification the supervisor shall have. In this case the sidewalk was out of repair for a long time before this accident occurred, so long as to constitute notice, in view of repeated decisions of this court.

Because no person has given actual notice to the supervisor, a person passing carefully along a sidewalk which is in a dangerous condition, and had been so for years, can have no redress for an injury so caused. This is the argument, but it is not founded in justice or right.

Full control is given the city authorities, by the charter, over the streets and sidewalks, and money can be raised in various ways therein provided, to be expended upon them. That they had not the means at hand, was no excuse. The means could have been and should have been provided.

Another objection is made, that the *locus* is not sufficiently specific. On general demurrer, we are inclined to hold it is. It is described as a street of the city known as Jefferson street.

The injury was sufficiently established, and also the loss of time and suffering of the plaintiff, and medical attendance, for all which, the sum found by the jury was not more than adequate compensation.

These are all the points raised on the record, and appellant can take nothing by them.

The judgment is affirmed.          *Judgment affirmed.*