ALBERT R. STEBBINS v. TOWNSHIP OF KEENE.

*Township bridges—Notice of defects—Res gestæ.*

1. Township officers must be on the watch for hidden defects in township bridges; and their neglect of reasonable and ordinarily effective watchfulness will make the township liable for injuries resulting from such defects.

2. Statements made by a highway commissioner to third persons are inadmissible to show that the township had notice of defects in a bridge whereby injury was done, if such statements were not made until after the injury took place nor while the commissioner was in the discharge of his duties.

3. A trial judge may as well dispense with adverse comments to the jury on the justice of the law as expounded by him.

4. A man who took a traction-engine down a slope and across a bridge was injured by the breaking of the bridge, and it being claimed, in defense to his action for the injury, that he came down the slope with steam on, he showed that at the top he told the engineer to shut it off and that the engine was propelled by horses alone. *Held* proper to show also that the engineer had answered that he had shut off the steam; his answer was res gestæ.

5. A man was driving a traction-engine across a bridge. The bridge gave way and the driver's foot slipped and caught in the chain so that he was seriously hurt. *Held*, that in an action for the injury the court should have charged, if there was evidence to support the instruction, that the driver was negligent in having no guard for his foot, if he knew of the danger, or in removing it, if there had been one.

Error to Ionia.    (V. H. Smith, J.)    Oct. 22.—Jan. 14.

CASE.    Defendant brings error.    Reversed.

*Webster, Davis & Millard* and *Mitchel, Bell & McGarry* for appellant. Highway commissioners and overseers are not township agents, and their admissions cannot aid the township: *Burnham v. Byron* 46 Mich. 555; nor can any admissions by an agent that are not res gestæ: *Lane v. Bryant* 9 Gray 245; *Whitaker v. Eighth Ave. R. R.* 51 N. Y. 295; *Luby v. Hudson R. R.* 17 N. Y. 131; *Lund v. Tyngsborough* 9 Cush. 36; *Mabley v. Kittleberger* 37 Mich. 360; *Patterson v. Wabash, St. L. & Pac. Ry.* 54 Mich. 91; 2 Whart. Ev.

§ 1174; *Packet Co. v. Clough* 20 Wall. 540; *Burnside v. Railway Company* 47 N. H. 554; *Bellefontaine R. R. Co. v. Hunter* 33 Ind. 335; *Robinson v. Fitchburg R. R. Co.* 7 Gray 92; *Stiles v. Danville* 42 Vt. 282; Story on Agency §§ 135, 136; 1 Greenl. Ev. §§ 113, 114; 1 Phil. Ev. 381; *Burnham v. Ellis* 39 Me. 319; *Gutchess v. Gutchess* 66 Barb. 483; *Newton Mnfg. Co. v. White* 53 Ga. 395; *M. C. R. R. Co. v. Carrow* 73 Ill. 348; *Huntingdon R. R. v. Decker* 82 Penn. St. 119; there is no liability for pure accident: *Losee v. Buchanan* 51 N. Y. 476; *Vincent v. Stinehour* 7 Vt. 62; *Morris v. Platt* 32 Conn. 75; *Brown v. Collins* 53 N. H. 442; *Paxton v. Boyer* 67 Ill. 132; *Am. Ex. Co. v. Smith* 33 Ohio 511; *Parrot v. Wells* 15 Wall. 524; *Lewis v. F. & P. M. Ry.* 54 Mich. 55; or for an accident of which defendant's negligence was not the proximate cause: *Livie v. Janson* 12 East 648; *Delano v. Ins. Co.* 10 Mass. 354; *Tisdale v. Norton* 8 Metc. 388; *Anthony v. Slaid* 11 Metc. 290; *Dubuque v. Dubuque* 30 Iowa 176; *Sheffer v. Railroad Co.* 105 U. S. 249.

*Morse, Wilson & Trowbridge* and *Lemuel Clute* for appellee. In an action against a township for an injury caused by a defect in a bridge the plaintiff can show that the highway overseer admitted that he knew of the defect: *Chapman v. Erie R. R.* 55 N. Y. 584; *Tyler v. Ulmer* 12 Mass. 163; *Morse v. Conn. R. R.* 6 Gray 450; *Gott v. Dinsmore* 111 Mass. 45; *McGenness v. Adriatic Mills* 116 Mass. 177; *Hanover R. R. v. Coyle* 55 Penn. St. 396; the neglect of township officers is implied if they would by ordinary care and diligence have learned of the defect, and did not know it: *Hover v. Barkhoof* 44 N. Y. 113, 125; *Manchester v. Hartford* 30 Conn. 118, 121; *Weisenberg v. Appleton* 26 Wis. 56; *Requa v. Rochester* 45 N. Y. 129; *City of Aurora v. Hillman* 90 Ill. 61; *Reed v. Northfield* 13 Pick. 94, 98; *Medina v. Perkins* 48 Mich. 71; *Lobdell v. New Bedford* 1 Mass. 153, 155; *Dewey v. Detroit* 15 Mich. 307.

SHERWOOD, J. This is an action on the case to recover damages for an injury sustained while crossing a bridge over a culvert, with a traction-engine, in the public highway, in the township of Keene, in the county of Ionia, on the 2d day of October, 1882. The bridge was built in 1877, and was about fourteen feet wide and supported by four stringers, three of which were rock elm and the other beech. The

bridge was examined in June preceding the accident, and the beech stringer was then put in new. This highway had been in use thirty years, and was one of the main traveled thoroughfares in the township. The plaintiff came from the west, on a down grade, till he reached the bridge, with the engine and a tank-wagon, partly filled with water, attached. A pair of horses and steam were used in hauling the engine and tank-wagon, and the plaintiff occupied a seat by the side of the boiler, and was driving the team when the traction-engine came upon the bridge, breaking the south stringers, near the west bank, dropping that side of the bridge about thirty inches. When the plaintiff felt the bridge going down, he attempted to escape by jumping from his seat, and in doing so his left foot slipped off the foot-rest, caught in the traction-chain and was drawn into a cog-wheel, and so injured as to render amputation below the knee necessary. No steam was used in moving the engine when it came upon the bridge; the horses being sufficient to move and control it on the down grade.

Upon the trial the plaintiff's claim was that the bridge was not reasonably safe and fit for travel, and that the officers whose duty it was to see that a safe bridge was provided, of sufficient strength and durability for the passage of the plaintiff's threshing-machine and engine, and kept in repair, did not exercise ordinary care and diligence in the performance of such duty, after due notice of the defects complained of, and that he received his injuries in consequence of such official neglect and want of reasonable care. The defense was that the bridge was reasonably safe and fit for travel, and was of sufficient strength for such loads as it was designed to sustain and ordinarily passed over it; that it would not have given way but for the carelessness and negligence of the plaintiff in suddenly driving thereon close to one side with his extraordinary load propelled by steam. Upon these two theories the case was tried, resulting in a verdict of $4000 for the plaintiff, and the defendant brings error.

There does not seem to be any serious contest as to how the injury occurred, nor as to the duty of the township in a case

where its officers have in their charge and care the construction and maintenance of bridges, nor as to the liability of the township if the proper officers carelessly or negligently omit or fail to perform such duty after having sufficient knowledge or notice of the defective condition of a bridge, if injury ensues. Neither do I think it can be seriously or successfully maintained that it is not the duty of the township, after bridges have been built, to maintain them of sufficient strength and durability to secure the safe passage of loads as heavy as was that of the plaintiff in this case.

The duty required of township officers in the premises, and the knowledge or notice necessary to require them to rebuild or make necessary repairs, and the character of the negligence by them, raising a liability on the part of the township, resulting from such negligence, were very forcibly discussed and clearly presented by Chief Justice Graves in *Medina v. Perkins* 48 Mich. 67. The case was, in many of its features, very similar to the present.

That the bridge in this case was defective, I think very clearly appears from the undisputed testimony, giving the result of the examinations made after this injury occurred. It is claimed, however, that the township officers had no sufficient knowledge or notice of the defect; that actual notice of such defect to the officers was required, and the lapse of reasonable time to make repairs, after the same was received, to create liability on the part of the township. Upon this subject Chief Justice Graves says: " A township must know and act through its officers, and the mode and range of choice of these officers is prescribed by law, and it would be outrunning the Constitution and the course of legislation under it to expect greater qualifications than the average of township communities possess. Through its officers a township may know of the existence of a defect in a way or bridge, and where such knowledge is gained the township may become liable for negligence in not repairing. On the other hand a defect may exist and be unknown and the town still be liable on the ground that the prime fault consists in being ignorant; it being a clear principle that a want of knowledge

may in given circumstances imply a want of due care.  The general duty of a township is to exercise through its officers a reasonable supervision over its ways and bridges, and within fairly practicable limits to be watchful of their condition and trustworthiness, and see that they are kept in a reasonably safe condition for public travel.  Its officers may not ignore the dictates of common sense and the lessons of ordinary experience and refuse to see or refuse to heed what others see and others understand.  When it is generally known that a bridge has become decrepit, or when a bridge has stood so long that there is much suspicion of it, the officers of the township may not disregard the warning conveyed by these circumstances and think to excuse their neglect to take action on the ground of having had no actual notice of a dangerous infirmity."  *Medina v. Perkins* 48 Mich. 71, 72.

In these views I fully concur.  It is contended, however, by counsel for defendant, that the evidence of notice or knowledge on the part of the plaintiff was improperly received; that it consisted of statements made by the commissioner to third persons, after the injury complained of had occurred, and not while in the discharge of his official duties.  Numerous objections were made to this class of testimony, and exceptions taken to the rulings of the court in admitting it.  The circuit judge, also, in his charge referred to this testimony as proper for the jury to take into consideration in determining the question whether the defendant did or did not have notice or knowledge of the defect in the bridge.  I think the testimony was improperly received, under the objections taken, and its admission and the charge of the circuit judge were error.  It is true, there was other evidence in the case tending to show knowledge of the defects claimed on the part of the commissioner, but we have no means of knowing that the erroneous testimony was not considered by the jury in finding sufficient notice to make the defendant liable; and it would be unreasonable to suppose they did not consider the erroneous testimony after

having had their attention especially called to it by the judge in his charge.

In this case it appears that the accident occurred in consequence of the rotten condition of the three stringers, and nothing appears in this record showing this to be, in any of its circumstances, an exceptional case, or that the decay was any more than might have been expected from natural causes, taking into consideration all the facts. And such means should be employed by the officers from time to time, in making their examinations, as usually disclose the defects to be expected. *Rapho v. Moore* 68 Penn. St. 404.

It is not necessary, in order to charge the township for the injury received, to show that the commissioner of highways, or the overseer, had previously been informed by some person of the defects in the bridge, or that they or either of them had actually seen the bridge, or had knowledge of the defects. It is made their special duty, when these defects exist, or are likely to exist, to examine and ascertain them, and immediately make the necessary repairs. It is only necessary for an injured party to show upon the subject, by proper testimony, knowledge on the part of the officers of such a state of facts as reasonably and necessarily make it their duty to examine and act, in order to protect the traveling public, and their neglect so to do. Whether or not a new bridge is necessary may depend upon different considerations, and the question is one upon which men may widely differ, and may or may not be under the control of the overseer. But when a bridge has once been built, there can be no question about the duty of the proper authorities to keep it in repair. Reasonable care only is required of the officer of the town. And that may be relied upon for the purpose. Such care requires the use of the ordinary and proper means in detecting defects, and when they are disclosed, either by such means or by other notice of their existence, diligence in making the necessary repairs.

The court charged the jury in the following language upon the subject of negligence of the plaintiff: "Did the negligence of the plaintiff contribute to the injury? If it did, he can-

not recover. That may seem to be not entirely a just rule, but it is the law, whether it be just or not." This charge is excepted to by defendant's counsel. In a case depending upon preponderance of evidence only, when the contest upon the facts is close, the views of the trial judge as to the justness of the law to be applied, when given as in this case, may have some influence with the jury in determining the weight they will give to the testimony tending to establish the facts necessary to be found to make the law applicable, and for that reason, if no other, had better be omitted.

The plaintiff's steam-engine was ordinarily propelled by steam, as well as moved by horses, when passing from one job to another. It was claimed by defendant that in descending the down grade and approaching the bridge the plaintiff went too fast; that he had the steam on, and that this contributed greatly to the downfall of the structure. When the plaintiff was on the stand, his counsel showed by him that before they got to the bridge—indeed, at the summit of the grade—he ordered his engineer to shut off the steam, and that the engineer told him he had done so, and that the machine went down the grade and to the bridge controlled by the horses alone, which plaintiff was driving. This statement of what took place was objected to by defendant, and so much as purported to be the statements of the engineer was stricken out, and the statement of plaintiff allowed to stand. This was proper. It was part of the res gestæ of of the transaction, and it being at the very time and occasion the injury, it is difficult to say why what both said was not proper for the same reason.

The defendant's eighteenth request was refused, and an exception taken to the ruling. The request was as follows: "If the jury find that the plaintiff had previously had a guard to prevent the foot of the driver from slipping off the foot-rest, or coming in contact with the traction-chain, and afterwards removed it before the accident, or if the plaintiff was aware that without some sort of protection there was danger upon any sudden jolt of the engine of the foot slipping off the foot-rest and getting caught in the traction-

chain, then it was negligence in the plaintiff not to have such guard or protection, and your verdict must be for the defendant." I think this request should have been given. There was some testimony in the case tending to show the facts included in the request, and we cannot say what view the jury took of them. The question of negligence on the part of the plaintiff was in the case, and the defendant was entitled to have the jury pass upon his theory of every branch of it; and the request should have been given.

No other errors appear in the rulings or charge of the court requiring further discussion; but for those mentioned

The judgment must be reversed, and a new trial granted.

The other Justices concurred in the result.