THE CITY OF STERLING

v.

LUCY A. MERRILL.

*Filed at Ottawa May 9, 1888.*

1.  NEGLIGENCE—*injury from defective sidewalk—notice—presumption.* In an action against a city to recover for a personal injury received from a defective sidewalk, it is not essential that the evidence should show actual notice to the city authorities of the defective condition of the walk. If the defect in the walk has existed for such a length of time before the accident as that the city authorities might have discovered it by the use of reasonable diligence, then the city will be presumed to have had notice of it.

2.  INSTRUCTIONS—*repeating.* There is no error in refusing to give an instruction when the same idea or proposition is clearly given in others, both on behalf of the plaintiff and defendant, nor where one is given which contains all that is material or essential in the one refused.

3.  SAME—*must be based on evidence.* Instructions must be based upon evidence. When based on a fact of which there is no evidence, or evidence tending to prove, it is properly refused.

4.  SAME—*should not be obscure or misleading.* Instructions should not be obscure and misleading, but should be expressed in clear and precise language.

5.  NEW TRIAL—*newly discovered evidence.* A verdict will not be set aside to admit newly discovered evidence which is merely cumulative, and not conclusive in its character.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. A. A. WOLFERSPERGER, and Mr. J. E. McPHERRAN, for the appellant:

A city is not an insurer against accidents to persons upon its walks, nor liable for every trifling defect therein. *City of Chicago* v. *Watson,* 6 Bradw. 344.

In order to charge a city with negligence, it must appear by the evidence, not only that the sidewalk was defective at the time of the injury, but also that such defect was actually

known to the city, through some of its officers, or that the defect existed for such a length of time prior to the injury that the city, by the exercise of ordinary diligence, might have known of the defect. *City of Chicago* v. *McCarthy*, 75 Ill. 603.

The plaintiff can not recover for damages arising from his subsequent negligence in properly caring for himself, and trying to be restored to the use of his limb. *Jenks* v. *Wilbraham*, 11 Gray, 143; *Bardwell* v. *Jamaica*, 15 Vt. 438; *Lawrence* v. *Housatonic Co.* 29 Conn. 390; *Plummer* v. *Penobscot Association*, 67 Me. 363; *Railway Co.* v. *Eddy*, 72 Ill. 138.

The burden of proof was on appellee to show that the accident was not caused by the want of due care on his part. *City of Joliet* v. *Seward*, 86 Ill. 406; *City of Bloomington* v. *Chamberlain*, 104 id. 269; *Railway Co.* v. *Scates*, 90 id. 588; *Village of Kewanee* v. *Depew*, 80 id. 119; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Abend* v. *Railroad Co.* 111 id. 203.

Messrs. W. & W. D. BARGE, for the appellee:

Appellee had a right to presume the walk was safe. *Davenport* v. *Buchman*, 57 N. Y. 568; *Weed* v. *Balston Spa*, 76 id. 329; *City of Joliet* v. *Verley*, 35 Ill. 58; *City of Elgin* v. *Renwick*, 86 id. 498; *City of Macomb* v. *Smithers*, 6 Bradw. 470; *City of Chicago* v. *Hickox*, 16 id. 142; *Woods* v. *City of Boston*, 121 Mass. 327.

A very short time is sufficient to charge the city with notice of the defect in the walk. *City of Chicago* v. *Fowler*, 60 Ill. 322; *City of Chicago* v. *Hoy*, 75 id. 530; *City of Freeport* v. *Isbell*, 83 id. 440; *Sheridan* v. *Hibbard*, 19 Bradw. 421.

A city is liable for damages sustained by its failure to keep its sidewalk in a safe condition. *City of Bloomington* v. *Bay*, 42 Ill. 503; *City of Chicago* v. *Fowler*, 60 id. 322; *City of Joliet* v. *Verley*, 35 id. 58.

Instruction "A" was properly refused, because embodied in the third, and because it assumes a fact. *Olsen* v. *Upsahl*, 69 Ill. 276; *Dunham* v. *Goodwin*, 54 id. 471.

Instruction "C" was properly refused. It says the plaintiff can not recover if the sidewalk became out of repair "without actual notice to the city." Constructive notice is sufficient. *City of Chicago* v. *Dalle*, 115 Ill. 386.

The want of evidence on which to base an instruction justifies its refusal. *Straus* v. *Minzesheimer*, 78 Ill. 492.

Instructions should not only be correct in their propositions of law, but should be expressed in clear and concise language. *Trish* v. *Newell*, 62 Ill. 196; *Railroad Co.* v. *Payne*, 49 id. 504.

They should not "be obscure and calculated to mislead the jury." *Congregational Society* v. *Hubble*, 62 Ill. 161.

They should be precise and certain to a particular intent. *United States* v. *Bank*, 15 Pet. 379.

Newly discovered evidence, to be availing as a cause for a new trial, must not be cumulative, and it must be decisive of the case. *City of Chicago* v. *Hyslop*, 61 Ill. 86; *Kendall* v. *Limberg*, 69 id. 355.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action, brought by Lucy A. Merrill against the city of Sterling in the circuit court of Whiteside county, to recover damages for a personal injury. About six o'clock in the evening on November 14, 1884, the plaintiff was walking north on the east side of B street in Sterling when she stepped into a hole in the sidewalk and was thereby thrown to the ground, receiving the injury complained of. The trial resulted in a judgment in her favor for $2000, which has been affirmed by the Appellate Court, and is now brought, by appeal, to this court.

All the questions of fact are settled by the judgment of the Appellate Court. No points are made in regard to the admission or exclusion of evidence. The main ground insisted upon for a reversal of the judgment is the refusal of the trial court to give three instructions asked by the defendant.

By the first of these refused instructions it was said, that, if the jury should believe from the evidence, "that the plaintiff might, in the exercise of ordinary care and caution, have avoided the opening in the sidewalk, and that her omission so to do was the direct cause of the injury complained of, then she was guilty of such negligence as will prevent a recovery in this case." Correctly expressed the idea of this instruction is simply that the plaintiff, in walking along the sidewalk of the city as she had a lawful right to do, was required to exercise ordinary care and caution. This idea was very clearly embodied in the third instruction given for the defendant and in several instructions which were given for the plaintiff. Its repetition in a further instruction was, therefore, unnecessary.

The second of the refused instructions referred to is as follows: "If the jury believe from the evidence that the sidewalk in question, where the plaintiff claims to have received her injury, was repaired and placed in good condition by the city within a reasonable time prior to this alleged accident, and if the jury believe from the evidence that said walk afterwards became out of repair without actual notice to the city, then the plaintiff can not recover."

This instruction is obscure and calculated to mislead. It is not essential to a recovery, in a case of this character, that the evidence should show actual notice to the city. (*City of Chicago* v. *Dalle*, 115 Ill. 386.) If the opening in the sidewalk had existed for such a length of time before the accident as that the city authorities might have discovered it by the use of reasonable diligence, then the city will be presumed to have had notice of it. This principle was announced in the fourth instruction given for the plaintiff and in the second instruction given for the defendant. The latter told the jury, that the plaintiff could not recover unless it was "proven that the sidewalk in question was unsafe, and that the defendant had actual notice of the defect * * * or that such defect was of such long continuance that the defendant, by the use of ordinary

care and prudence, ought to have discovered the defect," etc. This was a correct statement of the law, and contained all that was material or essential in the second refused instruction.

Instructions must be based on evidence. There was no evidence that the defendant had at any time repaired the sidewalk at the point where plaintiff was injured. It is undisputed that there was a defect at that point, and the question to be determined was whether such defect had existed a sufficient length of time to affect the city with notice of its existence. It is not clear what is meant by the expression, "within a reasonable time prior to this alleged accident." The city was bound to exercise reasonable prudence and diligence· in the construction and maintenance of its sidewalks. But just what period of time, between the alleged repair of the sidewalk and the happening of the accident, should be regarded as reasonable, and for what purposes it should be regarded as reasonable, is not apparent under the circumstances of this case. Instructions should not be obscure and misleading, but should be expressed in clear and precise language. (*Trish* v. *Newell,* 62 Ill. 196 ; *Congregational Society, etc.* v. *Hubble,* id. 161.)

The third refused instruction was to the effect, that, if the jury should believe from the evidence, that the plaintiff, by the ordinary exercise of will on her part, could have used her arm for the ordinary purposes of life at or shortly after the injury complained of, and *that she refused or neglected without cause so to do,* then the disability or impairment of her arm since then, resulting from such neglect and refusal, was not an element of damage, for which recovery could be had, and that, under the law, a person injured should, in good faith and in the exercise of all reasonable means, strive not to augment but to cure or mitigate a physical disability incurred.

Whether or not this instruction laid down a correct proposition of law is a question which it is unnecessary to discuss. There was no error in refusing it for two reasons. In the first place, there was no evidence to support it. Appellant intro-

duced certain medical testimony to show, that refusal to use or exercise an arm that had been injured in the way, in which plaintiff's arm was injured, tended to make it useless and stiff in the joints and wanting in flexibility, etc. But there was no proof to show that plaintiff purposely failed to use her arm or neglected to exercise it in a proper way so far as she was able to do so. In the second place, the substance of this instruction was embodied in the seventh instruction given for the defendant.

On the motion for new trial appellant read certain affidavits setting up the discovery of what was claimed to be new evidence. It is contended, that the court erred in not granting the motion for the reasons stated in the affidavits. The newly discovered evidence is merely cumulative and not conclusive in its character. A verdict will not be set aside to permit such evidence to be introduced. (*Kendall* v. *Limberg*, 69 Ill. 355.)

We are of the opinion, that the trial court committed no error either in refusing the instructions complained of or in overruling the motion for new trial.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*