THE CITY OF LASALLE

*v.*

JAMES E. PORTERFIELD.

*Filed at Ottawa June 15, 1891.*

1. NEGLIGENCE OF MUNICIPAL CORPORATION—*unsafe bridge—notice, actual or constructive.* In an action against a city for an injury from a defective bridge or culvert, the declaration alleged that the insufficient and unsafe condition of the bridge or culvert had for a long time prior thereto been well known to the municipal authorities of the city, which the evidence proved. The court instructed the jury, that if they believed, from the evidence, that the bridge or culvert had been out of repair for such a length of time that by the use of ordinary diligence the defendant might have known the fact, or did in fact know that the same was out of repair, and the plaintiff was injured by reason of such defect, he was entitled to recover. It was objected that the instruction should have placed the right to recover upon proof of actual knowledge by the city authorities of the unsafe condition of the bridge or culvert: *Held*, that the instruction was not erroneous in this respect.

2. Where the unsafe condition of a bridge in a city exists for such a length of time before an injury results therefrom that the proper authorities might have discovered it by the use of reasonable diligence,

the city will be liable for the injury, and will be chargeable with notice of the condition of the bridge.

3. SAME—*duty of officers to examine bridges.* It is the duty of municipal officers to use ordinary care in keeping its bridges, culverts, etc., in a safe condition for public travel, and this involves the anticipation of defects that are the natural and ordinary result of use and climatic influences; and so, whenever there is neglect on the part of the proper officers to make a sufficiently frequent examination of a particular structure, a municipality will not be relieved from liability, although the defect may not be open and notorious.

4. In an action against a city for an injury caused by suffering a bridge to become unsafe, an instruction is properly refused which assumes that the city authorities owe no affirmative duty of observation and inquiry to ascertain whether its bridges, culverts, etc., are in fact safe for public travel.

5. INSTRUCTIONS CONSTRUED—*damages proved.* In an action for a personal injury, an instruction told the jury what was competent to be considered as elements of damages, after which were the words, "provided the jury believe, from the evidence, that the plaintiff has been damaged in the regards aforesaid." It then told the jury, that if they found the defendant guilty, the plaintiff was entitled to recover, not the amount or sum of damages laid in the declaration, but "all damage alleged in the declaration which they may believe, from the evidence, he had sustained by reason of said injury:" *Held,* that the instruction was not open to the objection that it did not restrict the jury to the damages proved, or contained an intimation that the jury might give the full amount of damages claimed in the declaration.

6. An instruction told the jury that they should "give him (the plaintiff) such damages as will reasonably compensate him for the injury the evidence shows he has sustained:" *Held,* that the instruction could not be understood as assuming that the jury must award some amount of damages. Under it, if the evidence showed no injury, the jury would understand they were to give the plaintiff no damages.

7. SAME—*time of injuries.* An instruction told the jury that the question of damages was for them to determine, from the nature and character of the injuries received, if any. There was no proof of any injuries received by the plaintiff other than those received in consequence of the negligent act complained of: *Held,* that the instruction was not subject to the charge that it did not confine the jury, in assessing damages, to injuries received at the time of the accident.

8. PLEADING—*declaration cured by verdict.* In an action against a city to recover for a personal injury from the breaking down of a bridge or culvert, an ambiguity in the declaration in respect to the cause of the injury will be cured by verdict.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. O'CONNOR, DUNCAN & ECKELS, and Mr. F. J. O'BRIEN, for the appellant:

Plaintiff's first instruction was erroneous. Under the declaration it was necessary for the plaintiff to show, on the part of the defendant, knowledge of the condition of the bridge, because it was alleged in the declaration.

The second of plaintiff's instructions was erroneous in failing to inform the jury that in determining plaintiff's pain and anguish and damages they must be governed by the evidence.

The third instruction does not confine the jury to the injuries received at the time of the accident, and defendant's sixth and ninth instructions ought to have been given.

The court should have sustained the motion in arrest of judgment for the defects in the declaration. The law is well settled, that if a declaration be so defective that it will not sustain a judgment, that defect may be taken advantage of on the motion in arrest of judgment. *Wilson* v. *Myrick*, 26 Ill. 35; *Culver* v. *Nat. Bank*, 64 id. 528.

Messrs. ELDREDGE & ELDREDGE, and Messrs. BREWER & STRAWN, for the appellee:

The length of time sufficient to charge a municipal corporation with notice of a defect in a street or sidewalk, is a question of fact, to be determined by the jury according to the peculiar circumstances of each case. *Chicago* v. *McCullough*, 10 Ill. App. 459; *Chicago* v. *Dignan*, 14 id. 128.

Appellee's third instruction was before the Appellate and Supreme Courts in *Marseilles* v. *Howland*, 23 Ill. App. 101, and 124 Ill. 547.

The question of negligence is a question exclusively for the jury, and when they have been properly instructed their de-

termination of the question of negligence, from whatsoever cause, is conclusive. *Chicago* v. *Dalle,* 115 Ill. 386; *Spring-field* v. *Doyle,* 76 id. 202; *Pennsylvania Co.* v. *Frana,* 112 id. 398.

· The defect in the declaration, if any, is cured by the verdict. 1 Chitty's Pl. 673.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only questions in the arguments before us proper for our consideration arise upon the giving and refusing of instructions and the overruling of the motion in arrest of judgment.

*First*—It is contended that the first instruction given at the instance of appellee is erroneous in telling the jury that if the "bridge or culvert was at that time unsafe and out of repair, by reason of a want of ordinary and reasonable care on the part of defendant, and that it had been out of repair by reason of such want of ordinary and reasonable care for such a length of time that by the use of reasonable and ordinary diligence the defendant might have known the fact, or if the defendant did in fact know that such culvert or bridge was out of repair by reason of such want of ordinary and reasonable care," and that "if appellee was injured by reason of such defect he was entitled to recover," because the declaration alleges actual knowledge, and that must have been proved. The objection is untenable. The allegation in the declaration is simply that the "insufficient and unsafe condition of said bridge or culvert had for a long time prior thereto  *  *  *  been well known to the municipal authorities of the city of LaSalle," and this is sufficiently proved by evidence that the insufficient and unsafe condition of the bridge had existed for such a length of time before the injury complained of, that the municipal authorities of that city might have discovered it by the use of reasonable diligence. *City of Springfield* v. *Doyle,* 76 Ill. 202.

See, also, *City of Chicago* v. *Dalle*, 115 id. 386; *City of Sterling* v. *Merrill*, 124 id. 522.

*Second*—Objection is urged against the second instruction given at the instance of appellee, on the grounds, first, that the jury are not restricted thereby to the damages proved; and second, that there is an intimation therein to the jury that they should give the full amount of $5000 claimed in the declaration. We do not think the instruction, when fairly construed, liable to either objection. The clause, "provided the jury believe, from the evidence, that the plaintiff has been damaged in the regards aforesaid," clearly relates back to and qualifies each item which the preceding part of the instruction tells the jury is competent to be considered as an element of damage. The concluding part of the instruction, in distinct and clear language, tells the jury, that if they find the defendant guilty, the plaintiff will be entitled to recover, not the amount or sum of damages as laid in the declaration, but "all damages alleged in the declaration which they may believe, from the evidence, he has sustained by reason of said injury." It would, in our opinion, be difficult to improve upon this language, and we therefore think it impossible that it could have misled the jury in any respect.

*Third*—It is objected that the third instruction given at the instance of appellee does not confine the jury, in assessing damages, to injuries received at the time of the accident in question. But the instruction expressly tells the jury that the question of damages is for the jury to determine, "from the nature and character of the injuries received, if any," and there was no evidence admitted upon the trial tending to prove that the "*injuries received*" were other than those injuries received by appellee by reason of the insufficient and defective condition of the bridge or culvert, and so, applying the instruction to the evidence, it was accurate. The concluding part of the instruction is criticized, as assuming that the jury must award some amount of damages. This is not a fair

construction of the language employed. That language is, the jury will "give him such damages as will reasonably compensate him for the injury the evidence shows he has sustained," and so if the evidence shows he has sustained no injury the jury will award him no damages. As is the injury proved so will the damages be assessed. We can not believe that any juryman would understand the language as meaning anything different from this.

*Fourth*—Counsel for appellant insist that the court erred in refusing to give its sixth instruction, as asked, in the following language:

"If the jury believe, from the evidence, that the street in which the defect alleged to have been, and where the plaintiff is alleged to have been injured, was properly and safely constructed, and prior and up to the time of the alleged injury it appeared to be in a proper and safe condition, then, if the jury further believe, from the evidence, that the officers of the defendant had no actual knowledge of any defect in said street, then in that case the defendant is not liable for the alleged injury, and the jury should find the defendant not guilty."

This, it will be observed, assumes that appellee's officers owed no affirmative duty of observation and inquiry to ascertain whether its bridges, culverts, etc., were, in fact, safe for public travel. It is the duty of municipal officers to use ordinary care in keeping its bridges, culverts, etc., in a safe condition for public travel, and this involves the anticipation of defects that are the natural and ordinary result of use and climatic influences; and so, wherever there is neglect on the part of the proper officer to make a sufficiently frequent examination of a particular structure, a municipality will not be relieved from liability, although the defect may not be open and notorious. Elliott on Roads and Streets, 462, and authorities there cited. See, also, to like effect, *Stebbins* v. *Keene*, 55 Mich. 552; *Village of Fairbury* v. *Rogers*, 98 Ill. 557; *City of Sterling* v. *Merrill*, 124 id. 522.

*Fifth*—It is contended there was also error in refusing to give the ninth of appellant's instructions, as asked. It is enough to say, in answer to this, that there is not a legal proposition asserted in that instruction that is not sufficiently expressed in other instructions which were given at the instance of appellant.

*Sixth*—It is contended that the declaration is insufficient to sustain the judgment. It is evident that this objection is urged with no expectation that it will be sustained, because counsel have not anywhere presented us with a printed copy of the declaration. But waiving this, we have gone to the record and read the declaration as therein transcribed, and we think, at most, it might only be urged that its phraseology in respect of the cause of the injuries alleged to have been received is ambiguous, and this is cured by verdict. The evidence, we are to assume, must have proved that the injuries received by appellee were, in fact, caused by the breaking down of the bridge or culvert, and thus the verdict of the jury cures the defect claimed to exist in the declaration. 1 Chitty's Pleading, 679, *et seq.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*