## City of Chicago v. Frank Gillett.

1. MUNICIPAL CORPORATIONS—*Actual Knowledge by City of Defective Condition of Sidewalk Need Not be Shown.*—An allegation in a declaration charging that the defendant for, to wit, the space of forty-eight hours and upward, wrongfully and negligently suffered and permitted the said sidewalk to be and remain in an unsafe condition and bad repair, etc., the defendant well knowing the same, is sufficiently proved by evidence that the insufficient and unsafe condition of the sidewalk had existed for such length of time before the injury complained of that the municipal authorities of that city might have discovered it by the use of reasonable diligence.

2. SAME—*Duty of City to Keep Sidewalks in Repair.*—It is the duty of municipal officers to use ordinary care in keeping its sidewalks in a safe condition for travel and this involves the anticipation of defects that are the natural and ordinary results of use and climatic influences; and so wherever there is neglect on the part of the proper officer to make a sufficiently frequent examination of a particular structure, a municipality will not be relieved from liability, although the defect may not be open and notorious.

3. SAME—*Care to Be Exercised in Passing Over a Sidewalk or Street.*—A person passing over a sidewalk or street is not bound to exercise more than reasonable care and caution with respect to his own safety. Until he is charged with notice to the contrary he has a right to presume the same to be in a reasonably safe condition.

4. DAMAGES—*Where $11,000 is Not Excessive.*—Plaintiff, from a fall through a defective sidewalk, sustained a rupture about twenty-two inches around, entirely irreducible, with a tendency to grow larger and cause strangulation, from the effect of which he had suffered all the time up to the trial (which was about two and one-half years after his injury) day and night, and which had to be supported by a leathern bag or sack, and rendered him unable to perform manual labor of any consequence. *Held*, that a judgment for $11,000 should not be disturbed because of its amount.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 4, 1900.

Andrew J. Ryan, John E. Kehoe and James J. Kelly, attorneys for appellant.

Sullivan & McArdle, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the court.

July 17, 1897, appellee, having sustained a severe rupture from falling through the sidewalk approach to a viaduct on Sixty-first street, Chicago, brought suit against appellant to recover damages for his injury, a trial of which resulted in a verdict of not guilty, which was set aside, and upon a second trial he recovered a verdict and judgment thereon for $11,000, from which this appeal is taken.

It is first contended on behalf of appellant that the motion made at the close of the plaintiff's evidence, for an instruction directing the jury to find a verdict of not guilty, which was overruled, and renewed at the close of all the evidence and again overruled, should have been allowed. In this connection it is argued that the evidence fails to show actual knowledge by the appellant of the condition of the sidewalk in question before the injury, or that the defect had existed for such a length of time before the accident that the knowledge of the same could correctly be imputed to the appellant.

The first and second counts of the declaration charge that defendant, for, to wit, the space of forty-eight hours and upward, wrongfully and negligently suffered and permitted the said sidewalk to be and remain in an unsafe condition and bad repair, etc., the defendant well knowing the same. The third count alleges that the sidewalk consisted of planks or boards that had laid down upon timbers for many years, which boards or planks had become and were, with the timbers underneath, decayed and rotten. It is said that under the first and second counts it was incumbent upon the plaintiff, before he could recover, to show actual

knowledge of the condition of the sidewalk. This conten-
tion can not be maintained, as has been held by the Supreme
Court in La Salle v. Porterfield, 138 Ill. 114, in which it is
said that a like allegation " is sufficiently proved by evi-
dence that the insufficient and unsafe condition of the
bridge had existed for such a length of time before the
injury complained of that the municipal authorities of that
city might have discovered it by the use of reasonable dili-
gence."

To the same effect is City of Springfield v. Doyle, 76 Ill.
202.

The evidence is to the effect, in substance, that the side-
walk at the place where the accident happened appeared
on the surface to be in good condition, but that the stringer
on which the planks rested was so decayed and rotten that
when the plaintiff stepped upon the end of a plank near the
middle of the walk (the planks at the place in question
running lengthwise the walk and being supported by
stringers underneath and crosswise) it gave way because of
the rotten condition of the stringer, and plaintiff fell through
the full length of his leg and sustained the injury for which
the suit is brought. The evidence also is entirely sufficient
to have justified the jury in finding that the plank in ques-
tion had been loose and that the rotten condition of the
stringer had existed for from two to three weeks and
upward prior to the accident. The walk was five or six
feet above ground, and was therefore in a position to be
readily and easily inspected. If the appellant did not know
of the condition of the walk, this evidence justified the jury
in finding that if the walk's condition was not known to
the city authorities, it could and should have been known
had they exercised ordinary care in the examination and
inspection thereof. It is true, there is evidence that police
officers, whose duty it was to report defects in sidewalks,
and who passed over this particular walk daily or oftener,
testified that they did not discover anything wrong with it,
but there is no evidence that there was any inspection of
the walk made by the city authorities. That the walk was

in a positively bad condition may be inferred, aside from
the evidence of plaintiff's witnesses, from the fact, which
appears from defendant's evidence, that it was relaid within
less than two months after the date of the accident.    From
this evidence, as well as that on behalf of the plaintiff,
showing that the stringer was decayed and rotten, the jury
had the right to infer, and such inference would seem to be·
entirely reasonable, that the. walk had been constructed for
a long time before the accident.    If the walk had been so
constructed, the natural and ordinary result might have
reasonably been expected, viz., that the wood of which it
was constructed would be more or less decayed.    It was
the duty of the city to have anticipated this result, and to
have examined the walk to ascertain its condition.    Such
examination, even the most casual, from underneath, would
have revealed the dangerous condition of the walk.

In the Porterfield case, *supra*, p. 119, the court say:

" It is the duty of municipal officers to use ordinary care
in keeping its bridges, culverts, etc., in a safe condition for
travel, and this involves the anticipation of defects that are
the natural and ordinary results of use and climatic influ-
ences; and so wherever there is neglect on the part of the
proper officer to make a sufficiently frequent examination
of a particular structure, a municipality will not be relieved
from liability, although the defect may not be open and
notorious."    (Citing Elliott on Roads and Streets; 462;
Stebbins v. Keene, 55 Mich. 552; and City of Sterling v.
Merrill, 124 Ill. 522.)

The court on behalf of the plaintiff gave the following
instruction, which it is claimed was error, to wit:

" The court instructs the jury that a person passing over
a sidewalk or street is not bound to exercise more than
reasonable care and caution with respect to his own safety, ·
Until he is charged with notice to the contrary he had a
right to presume the same to ,be in a reasonably safe
condition."

This contention is answered by the Supreme Court in the
cause of The City of Beardstown v. Smith, 150 Ill. 169–73,
where it is said that there was no material error in a like
instruction.

The only remaining contention for appellant is that the damages are excessive. The evidence shows that plaintiff has sustained a most serious and permanent injury—a rupture which he says " is in the neighborhood of twenty-two inches around," from which he had suffered all the time up to the trial (which was about two and one-half years after his injury) day and night, and which had to be supported by a leathern bag or pouch, and rendered him unable to perform manual labor of any consequence. Three experienced physicians and surgeons, on behalf of plaintiff, one of whom treated him for the injury, testified to its nature and extent, stating that the rupture was from twenty-three to twenty-six inches in circumference. The one who treated him said that plaintiff's condition had gradually become worse; that the hernia was entirely irreducible, and plaintiff was much reduced in weight. Another, Dr. Ferguson, testified that plaintiff was an invalid, and that the tendency of the rupture was to get larger, and there was danger of strangulation; that he would positively refuse to operate upon him for fear it would cause his death; that witness had operated on over five hundred cases of hernia; that plaintiff was incapable of performing manual labor. The other surgeon, Dr. St. John, testified that he believed an operation would result in plaintiff's death; that he believed that plaintiff suffered pain all the time except when he was unconscious from sleep; the witness, who had seen over a thousand hernias, said that was " the largest in that neighborhood I have ever seen;" that it was about the size of his head—containing intestines.

No evidence was offered on behalf of appellant as to the nature or extent of appellee's injury.

Plaintiff was forty-four years of age at the time of the trial, was a stone cutter by trade, had worked as a horse-car driver and gripman, and at the time of his injury was working at the repairing of grips, which weighed from 525 to 550 pounds. He was in the habit of lifting around these grips with the assistance of one man, and was necessarily a strong man. He weighed before the injury 300 pounds, and was

earning from $70 to $75 per month. At the time of the trial his weight was considerably reduced, but what it was does not appear. He suffered a slight hernia twenty-two years before the trial, at a different place from the one in question, but which never gave any serious trouble and never affected his ability to work as a gripman, car driver or repairer of grips.

We think, after the most careful consideration of the evidence, especially in view of the fact that it has received the sanction of the honorable trial judge, that the judgment should not be disturbed because of its amount.

It not being claimed that there was error in any respect except as above stated, the judgment of the Circuit Court is affirmed.