WILLIAM ANDERS, Appellant, v. CITY OF WEST UNION.

**Sidewalks:** CARE OF SAME: INSTRUCTION. It is the duty of a city
1   to exercise ordinary care to discover latent as well as apparent
defects in a sidewalk and to keep the walk in an ordinary safe
condition.

**Negligence of city:** EVIDENCE. Proof that upon tearing up a walk
2   the stringers were found in a decayed condition was not of
itself sufficient to show negligence on the part of city.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS,
Judge.

TUESDAY, JULY 10, 1906.

ACTION to recover damages for personal injuries re-
ceived by reason of a defect in defendant's sidewalk. Ver-
dict and judgment for defendant. Plaintiff appeals.— *Af-
firmed.*

*E. E. Hasner, H. P. Hancock,* and *A. F. Anders,* for
appellant.

*Ainsworth & Estey* and *D. W. Clements,* for appellee.

McCLAIN, C. J.— The alleged negligence of defendant
was in failing to discover and remedy an unsafe and dan-
gerous condition of a sidewalk resulting from the decay of
the wooden stringers running lengthwise of the walk, so that
the cross-planks of the walk became loose, with the result
that when plaintiff and a person walking with him met an-
other person on such walk, and the latter, turning out for
the purpose of passing, stepped on the outside end of one
of the cross-planks, it tipped up and caused the plaintiff to
trip and fall. The complaint for appellant is that the court
erred in not properly instructing the jury with reference to

the duty of the defendant to discover and remedy such dangerous condition.

On this question the instruction of the court was that it is the duty of a municipal corporation to keep its sidewalk in a reasonably safe condition for travel, and that plaintiff must prove by preponderance of the evidence that the city had negligently failed to keep the walk at the place of the accident reasonably safe for travel; and further that the city officials were chargeable with notice of defects in sidewalks by reason of decay of stringers to the same extent and in the same manner as they would be chargeable with notice of defects that were plainly to be seen, and to no greater extent; and further that, as to all defects either apparent or latent, the law requires the exercise of ordinary care to ascertain the condition of sidewalks and keep them in an ordinarily safe condition for travel. The court refused an instruction asked by plaintiff to the effect that a municipal corporation is held to have notice of dangerous defects in its sidewalks arising from the natural wear and decay whenever such condition has existed so long that, in the exercise of reasonable oversight and care by the officials of the municipality, it should have been discovered and remedied.

It is not claimed that the jury were not properly instructed with reference to the duty of the city to repair after it had notice through its officers of an apparent and obvious

1. SIDEWALKS: care of same: instruction.

defect, but the contention is that, as the evidence tended to show the wooden stringers were originally laid on the ground and the walk had remained without change or repair for about eight years, the city was bound to know that it might have become in a dangerous condition by reason of the natural decay of the stringers, and should have made some inspection to ascertain its condition, although no defects had become apparent to casual inspection. In cases relating to bridges it has been held that there is a duty to inspect for the purpose of dis-

covering a defective condition due to the decay of timbers which may not be apparent without such inspection. *Perry v. Clarke County,* 120 Iowa, 96; *Rapho v. Moore,* 68 Pa. 404 (8 Am. Rep. 202). The instruction given by the court charges the defendant with the exercise of ordinary care as to all defects either apparent or latent to ascertain the condition of the walk and keep it in an ordinarily safe condition, and it seems to us that this instruction states the correct rule. *Smith v. Sioux City,* 119 Iowa, 50; *Padelford v. Eagle Grove,* 117 Iowa, 616; *Furnell v. St. Paul,* 20 Minn. 117 (Gil. 101); *La Salle v. Porterfield,* 138 Ill. 114 (27 N. E. 937); *Denver v. Dean,* 10 Colo. 375 (16 Pac. 30, 3 Am. St. Rep. 594); *Bonebrake v. Board of Commissioners,* 141 Ind. 62 (40 N. E. 141). So far as there was any evidence to support it, the instruction covers the instruction asked, and it also covers the propositions presented in other instructions submitted by the plaintiff. .

The difficulty with the instructions asked is, throughout, that they assume negligence by reason of the age of the walk without any evidence that in the exercise of reasonable care the officials of the city should have known that the stringers were so far decayed that the walk was dangerous.

Evidence that, when the walk was torn up soon after the accident, the stringers were found in a decayed condition was not sufficient in itself to show negligence on the part of the city. As a matter of fact there is no showing that the city did not make reasonable inspection.

2. NEGLIGENCE OF CITY: evidence.

Finding that the alleged errors have no foundation in the record, the judgment of the trial court is *affirmed.*