## C. E. Mowery, Appellee, v. City of Mounds, Appellant.*

1. BRIDGES—*what is due care in using defective.* A driver of an autotruck, which truck sustained damage because of rotten boards on a bridge, exercised due care in driving thereon where it appeared that there were no notices posted of defects, that the bridge was in general use by the public, that there was nothing calling attention to the defects, and that the truck and load were only about half the weight the bridge should have carried under the statute.

2. BRIDGES—*what is notice to city of defects.* A city is charged with notice of the defective condition of a bridge at which it had previously posted defect notices and then removed same after making ineffective repairs, by laying new boards over rotten boards, of which it claimed no notice in action against it by one damaged by said defect.

3. BRIDGES—*old defect as imputing knowledge to city.* If a defect has existed on a bridge for a long time, knowledge thereof is imputed to a municipal corporation.

4. BRIDGES—*latent defect not excusing city's neglect.* The officers of a city must use ordinary care to anticipate defects of natural wear in a bridge, and failure to make sufficiently frequent examinations of a bridge will not excuse the city for neglecting a latent defect.

* Received from clerk of Appellate Court, August 8, 1927.

5. BRIDGES—*sufficiency of notice of defect as jury question.* Whether or not a city is chargeable with notice of a bridge's condition long enough to have repaired it before an accident held a jury question.

6. PLEADING—*judgment as curing defective counts.* Counts charging a city with damages from a defective bridge were not insufficient in alleging notice to the city of the defects, after verdict and judgment in plaintiff's favor.

7. BRIDGES—*instructions on legal load as proper.* In an action against a city for damages from a defective bridge, it is proper to instruct on the statute in reference to the carrying capacity required of bridges.

8. APPEAL AND ERROR—*same error in instructions for both parties.* Appellant is in no position to urge error in instructions for appellee upon the same error appearing in instructions given for appellant.

9. DAMAGES—*adoption of measure most favorable to city.* In an action against a city for damages due to a truck breaking through boards on a bridge, the measure of damages that should be adopted is the one most favorable to the city.

10. DAMAGES—*necessity of evidence to support theory of measure.* If one whose property has been damaged offers proof thereof without objection on the theory of the damage being the difference between the value of the article before and after injury, and the one liable insists that the damage should be the cost of repair with the difference, if any, in the value of the article after repair and before injury, but offers no proof in support of such theory, then the one liable cannot complain as to the measure of damage adopted by the court and jury, especially where the verdict is much less than the evidence would have warranted.

Appeal by defendant from the Circuit Court of Pulaski county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 31, 1925.

C. S. MILLER, for appellant.

FRED HOOD, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

On and prior to August 15, 1922, appellee was engaged in the business of transporting merchandise by autotruck for hire. At about 4:30 in the afternoon of said day, appellee was transporting a truck load of

groceries through the City of Mounds, and while crossing one of the bridges of said city, a sill and certain of the floor timbers in said bridge broke, causing appellee's truck to fall, thereby damaging said truck and groceries. To recover therefor, appellee instituted suit in the circuit court of Pulaski county. A trial was had, resulting in a verdict and judgment in favor of appellee in the sum of $600. To reverse said judgment, this appeal is prosecuted.

The bridge in question was a wooden structure, built in 1916. It had been repaired some few months prior to said accident, by the putting in of an additional sill, and by placing two rows of runway boards lengthwise on the floor of said bridge. It is practically conceded that the original floor of said bridge was badly worn, and that the planks constituting the same would rattle when automobiles or trucks were crossing and that the sill in question was badly rotted prior to and at the time of said accident. The evidence on the part of appellee in this connection is to the effect that the rotten condition of said sill was apparent from an observation of its surface, while that of appellant's witness was to the effect that said sill, on the surface, appeared to be sound, but that it was rotten at the heart, and that its defective condition was a latent one.

It is first contended for a reversal of said judgment that appellee was not in the exercise of due care for the safety of his truck and said groceries, just prior to and at the time of the accident.

Appellee testified that the total weight of the truck and the load of groceries was 11,200 pounds; that under the provisions of the statute, said bridge would be required to carry a load of over 22,000 pounds. The evidence on the part of appellee is further to the effect that there were no notices posted at said bridge stating that it was in a defective condition, and that it was in general use by the public, and that there was nothing to call attention to the defective condition of

the bridge. This being the state of the record, we are of the opinion and hold that the jury were fully warranted in finding that appellee was in the exercise of due care for the safety of said truck and of its contents, just prior to and at the time in question.

It is next contended by appellant that if the defective condition of said bridge be conceded, that there was no proof of actual notice to the city or its officers of such condition, and no sufficient proof of constructive notice to said city or its officers of such condition. In other words, it is contended by counsel for appellant that there was nothing with reference to the outward appearance of said sill to call the attention of the city or of its officers to its defective condition; that an examination of said bridge had been made from time to time prior to the day in question, by certain of the officers of said city, and that they had found nothing which would indicate that said bridge was otherwise than safe.

On the other hand, the testimony of appellee's witnesses is to the effect that an examination of the sill in question disclosed that it was quite rotten and that its rotten condition was apparent from an examination of its surface; that the floor boards on said bridge were badly worn, and that prior to putting in said additional sill and laying said runways, there had been notices posted at said bridge to the effect that the same had been condemned, and that said notices did not appear at said bridge after these repairs had been made.

This being the state of the record, we are of the opinion and hold that the jury were fully warranted in finding that the city had notice of such defective condition, or by the exercise of reasonable diligence should have known of the same. *City of Sterling v. Merrill,* 124 Ill. 522; *City of LaSalle v. Porterfield,* 138 Ill. 114. The law is that knowledge is imputed to a municipal corporation, where a defect has existed

for a considerable length of time. *City of Belvidere v. Crichton,* 81 Ill. App. 595; *City of Ottawa v. Hayne,* 114 Ill. App. 21.

Counsel for appellant apparently takes the position that there was no duty on the part of the city or its officers to make any particular examination with reference to the condition of said bridge; that all that they had to do was to take note of any defects which were readily apparent. This contention is not well taken. In *City of LaSalle v. Porterfield, supra,* the court, in discussing a question of similar character at page 119, says: "It is the duty of municipal officers to use ordinary care in keeping its bridges, culverts, etc., in a safe condition for public travel, and this involves the anticipation of defects that are the natural and ordinary result of use and climatic influences; and so, wherever there is neglect on the part of the proper officer to make a sufficiently frequent examination of a particular structure, a municipality will not be relieved from liability, although the defect may not be open and notorious." Citing Elliott on Roads and Streets 462, and authorities there cited; also *Stebbins v. Township of Keene,* 55 Mich. 552; *Village of Fairbury v. Rogers,* 98 Ill. 557; *City of Sterling v. Merrill, supra.* The case of *City of LaSalle v. Porterfield, supra,* was cited in *Sherwin v. City of Aurora,* 257 Ill. 458–463. See also *City of Springfield v. Doyle,* 76 Ill. 202.

The law further is that whether or not the city is chargeable with notice of the condition of said bridge for a sufficient length of time before the accident to have repaired the same, was a question of fact for the determination of the jury. *City of Decatur v. Besten,* 169 Ill. 340.

It is next contended by appellant that the court erred in denying the motions made by it at the close of appellee's evidence and again at the close of all the evidence, to direct a verdict in favor of appellant. In

addition to the contention that there was a failure to prove due care on the part of appellee, and of notice to the city of the defective condition of said bridge, it is also contended that the first and second counts of appellee's declaration are not sufficient upon which to base a verdict and judgment. It is insisted that both of said counts fail to sufficiently aver actual or constructive notice to said city of the defective condition of said bridge, and that the first count also fails to allege ownership of said bridge on the part of said city. We have examined said counts in connection with the objections made, and are of the opinion that the same are not well taken. At least, this would be so after verdict and judgment.

It is next contended by counsel for appellant that the court erred in giving the first, second, fourth, fifth, sixth, eighth and ninth instructions given on behalf of appellee.

The first instruction is based on the provision of the statute with reference to the carrying capacity required of bridges in order to comply with said statute. This instruction states a correct principle of law, and the objection thereto is not well taken.

The second given instruction is as follows:

"You are instructed that the measure of damages in this case is the difference in the value of the truck and its contents immediately preceding the accident and the value thereof immediately after the accident."

The objection to this instruction is that it assumes liability on the part of appellant, and indicates to the jury that all they have to do is to fix the amount of the damages. The objection to this instruction is probably well taken; however, we find that appellant's given instruction nine, ten and eleven, all of which have to do with the matter of damages, contain the same vice. Appellant is therefore not in a position to urge his objection to said instruction.

It is contended that appellee's fourth instruction is not based on the evidence. Said instruction is as follows:

"If you believe from the greater weight of the evidence that a short time before the accident in question the defendant gave warning by a sign on or near said bridge that it was not safe for public travel, and later, after making some repairs, removed the sign and permitted the public to use it generally, then the defendant had notice of the defective condition of the bridge, if such defect was of such nature that it existed at the time the sign was removed, and might have been known to defendant upon proper and careful inspection of the bridge."

This instruction is not subject to the criticism made, for the reason that it leaves the question to the jury as to whether or not the appellant had caused the notices or warnings with reference to the condition of said bridge to be placed thereon.

Appellee's given instructions five and six state correct principles of law, and the court did not err in giving the same.

While appellee's given instruction eight is not as carefully drawn as it should be, we are of the opinion and hold that, taking the instruction as a whole, it states a correct principle of law, and the court did not err in giving the same.

The objection urged against instruction nine is that it would warrant the jury in finding that appellant was liable for defects that were not patent, in connection with the condition of said bridge. Under the authorities above cited, we are of the opinion that this instruction states a correct principle of law, and the court did not err in giving the same.

It is also contended that the court did not adopt the correct rule as to the measure of damages that should govern in this case. Appellee tried the case on the theory that the measure of damages was the difference

in value of the truck and groceries before and after said accident. Some of the evidence offered by appellee on this theory was objected to, but various witnesses testified without objection in reference to the damages sustained by appellee on this theory, which evidence, if believed by the jury, would have warranted a verdict considerably larger than the one returned.

The law is that the measure of damages that should be adopted in a case of this character is the one that will be most favorable to the party liable therefor. However, we are of the opinion and hold that if the person whose property is damaged offers proof without objection, on the theory that the measure of damages is the difference between the value of the article before and after the injury, that if the person liable therefor insists that the damages should be the cost of repair, taken together with the difference, if any, in the value of the article after repair and before injury, he should offer evidence in support of that theory so that the jury may have such evidence before them to act upon in fixing the damages. This appellant has failed to do. It is therefore not in position to complain as to the measure of damages adopted by the court and jury. Especially is this true in view of the fact that the verdict is much less than the evidence would have warranted.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*